Scott Andrew Farrow
Acting Assistant United States Trustee
State Bar # WI 1000609
*scott.a.farrow@usdoj.gov*

Jonas V. Anderson, Attorney
State Bar # VA 78240
*jonas.v.anderson@usdoj.gov*

**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel.: (702) 388-6600, Ext. 227
Fax:  (702) 388-6658

E-filed on June 25, 2014

**Attorneys for the United States Trustee for Region 17**
  TRACY HOPE DAVIS

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

SIX STAR CLEANING AND CARPET
SERVICES, INC.,
          Debtor.

Case No: BK-S-13-18735-MKN

Chapter 11

Date: August 27, 2014
Time: 9:30 a.m.

Place: MKN-Courtroom 2, Foley Federal Bldg.

**MOTION OF THE UNITED STATES TRUSTEE,
PURSUANT TO 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY
PROCEDURE 1017(f) AND 9014, TO CONVERT CHAPTER 11 CASE TO CHAPTER 7**

To the Honorable MIKE K. NAKAGAWA, Chief United States Bankruptcy Judge**:**

   Tracy Hope Davis, United States Trustee for Region 17 (the "United States Trustee"), hereby

brings the *Motion of the United States Trustee, Pursuant to 11 U.S.C. § 1112(b) and Federal Rules of*

*Bankruptcy Procedure 1017(f) and 9014, to Convert Chapter 11 Case to Chapter 7* (the "Motion").

The United States Trustee seeks conversion of the above-captioned case filed by debtor Six Star

Cleaning and Carpet Services, Inc. (the "Debtor") under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532.[1]

The United States Trustee respectfully submits that conversion of this case is warranted under Sections 1112(b)(1), (b)(4)(F), and (b)(4)(K) because:

- Debtor has not filed any operating reports since filing its voluntary Chapter 11 petition in October 2013;

- Debtor has not paid any U.S. Trustee fees, as Debtor is required to do under 28 U.S.C. § 1930(a)(6), despite the U.S. Trustee's sending Debtor multiple notices of delinquency;

- Debtor has indicated that it estimates funds would be available for distribution to unsecured creditors in this case [*see* Docket No. 20 at 1 of 3], and a Chapter 7 trustee would be in the best position to oversee the distribution of those funds, given Debtor's failure to discharge its fiduciary duties to its creditors in this case.

If, however, the Court determines that conversion is inappropriate for any reason, the United States Trustee requests in the alternative that the Court enter an order that either: (1) dismisses this case; or (2) sets a specific deadline, pursuant to Section 105(d)(2)(B), by which Debtor must confirm a plan of reorganization. Given that Debtor commenced this case in October 2013 and to date Debtor has not filed any operating reports nor paid any U.S. Trustee fees, the United States Trustee respectfully requests that if the Court elects to set the aforementioned deadlines then this case be subject to conversion or dismissal if Debtor fails to meet them.

The United States Trustee further submits that the present state of the record in this case does not support any qualification of, or statutory defense to, the Motion under Section 1112(b)(2) or

---

[1] Hereafter, all references to "Section" in the Motion are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 et. seq., unless otherwise indicated. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "Docket No." are to numbers assigned to documents filed in this case, as those numbers appear on the ECF docket maintained by the Clerk of Court.

Section 1104(a)(3).  The United States Trustee therefore respectfully requests that the Court enter an order granting the Motion and converting this case to Chapter 7.

The United States Trustee also requests that the Court take judicial notice of the pleadings and documents filed in this bankruptcy case pursuant to FRBP 9017 and Federal Rule of Evidence 201. To the extent the Motion contains factual assertions predicated upon statements made by Debtor or by Debtor's agents in documents filed in this bankruptcy case, the United States Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and Federal Rule of Evidence 801(d)(2).

The Motion is supported by the following Memorandum of Points and Authorities and further evidence and argument entertained by this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND FACTS AND PROCEDURAL POSTURE

1.  On October 14, 2013, Debtor filed a voluntary Chapter 11 petition with the Court. [Docket No. 1].

2.  The Court's official docket for this case discloses that since the petition date, more than eight (8) months ago:

- Debtor has not filed any operating reports.[2]  [*See* Docket]; (*Declaration of Donna Jensen* attached hereto as "Exhibit A").  *See also* 11 U.S.C. §§ 1106, 1107, 704(a)(8); FED. R. BANKR. P. 2015(a)(3).

---

[2]  Section 704(a)(8) requires Debtor to "file with the court [and] with the United States trustee . . . periodic reports and summaries . . . including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires."  11 U.S.C. § 704(a)(8).  The applicable United States Trustee Guidelines ("Guidelines") require Chapter 11 debtors to "file with the court and contemporaneously serve on the United States Trustee a report for every calendar month or portion thereof during which the case is pending."  *See Region 17: United States Trustee Guidelines*, available at http://www.justice.gov/ust/r17/docs/general/guidelines.htm (last viewed June 25, 2014). The Guidelines also require debtors to file each operating report "on or before the 20th day of the month immediately following the month described in the report."  *See Id.  See also In re Whetten*, 473 B.R. 380, 383 (Bankr. D. Colo. 2012) ("The UST is charged with supervising the administration of

- Debtor not paid any U.S. Trustee fees required by 28 U.S.C. § 1930(a)(6), despite the U.S. Trustee's sending Debtor multiple notices of delinquency. (*See Declaration of Donna Jensen* attached hereto as "Exhibit A"). *See also* FED. R. BANKR. P. 2015(a)(5).

## JURISDICTION AND VENUE

3. The Bankruptcy Court has original and exclusive jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(a). The Bankruptcy Court also has subject matter jurisdiction to adjudicate the contested matter presented by the Motion pursuant to 28 U.S.C. § 1334(b) as the relief sought under Section 1112(b)(1) constitutes a civil proceeding arising under the Bankruptcy Code.

4. Adjudication of the Motion constitutes a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O). The filing of a motion pursuant to FRBP 1017(f)(1) initiates a contested matter governed by FRBP 9014.

5. Venue of this bankruptcy case and the contested matter presented by the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The United States Trustee has standing to prosecute the Motion pursuant to Sections 307 and 1112 and FRBP 1017 and 9014. *See Stanley v. McCormick, Barstow, Sheppard, Wayte & Carruth (In re Donovan Corp.)*, 215 F.3d 929, 930 (9th Cir. 2000) ("The United States Trustee may be heard on any issue in any case or proceeding under title 11.").

7. The United States Trustee brings this Motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

///

///

Chapter 11 cases, including a debtor's performance of its statutory and fiduciary responsibilities. 28 U.S.C. § 586(a)(3). To perform this role, the UST has adopted reporting requirements embodied in its guidelines, which a debtor-in-possession is required to fulfill.").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>ARGUMENT SUMMARY</u>

8.   Cause exists to convert or dismiss this case under Section 1112(b)(1).  The United States Trustee respectfully submits that of the enumerated examples of "cause" set forth in Section 1112(b)(4), cause exists under Sections 1112(b)(4)(F) and 1112(b)(4)(K).  Debtor has failed to file any monthly operating reports and has failed to pay any quarterly U.S. Trustee fees assessed pursuant to 28 U.S.C. § 1930(a)(6).  Debtor has indicated that funds would be available for distribution to unsecured creditors in this case.  [*See* Docket No. 20 at 1].

9.   The Court should therefore grant the relief requested in the Motion and enter an order converting this bankruptcy case to a case under Chapter 7.

10.   The discussion that follows will begin by addressing the statutory standard for conversion under Sections 1112(b)(1) and 1112(b)(4).  It will then describe the qualifications or statutory defenses to the relief requested in the Motion, as set forth in Sections 1112(b)(2) and 1112(c).  For the reasons outlined below, the Court should not apply these qualifications or defenses in the present case.

11.   The Motion will also demonstrate that neither of the alternative forms of relief expressly set forth in Section 1104(a)—potentially available here by express reference to that statutory provision in Section 1112(b)(1)—is in the best interests of the estate or of Debtor's creditors.  An order directing the appointment of an examiner is not appropriate here because Debtor, as representative of the bankruptcy estate, has failed to discharge important duties assigned by applicable provisions of the Bankruptcy Code and FRBP: the duty to timely file monthly operating reports and the duty to pay quarterly U.S. Trustee fees.  11 U.S.C. §§ 704(a)(8), 1106(a)(1), 1107(a) and 1108; 28 U.S.C. § 1930(a)(6); FED. R. BANKR. P. 2015(a)(3).

12.  In addition, the appointment of a Chapter 11 trustee pursuant to Section 1104(a) does not appear to be appropriate here because of the substantial cost to the bankruptcy estate.  If the Court is inclined to order the appointment of a Chapter 11 trustee for the sole purpose of liquidating Debtor's assets, the United States Trustee respectfully submits that any liquidation should take place under the expedited liquidation procedures available under Chapter 7 of the Bankruptcy Code.

13.  The Motion will demonstrate by a preponderance of the evidence that conversion of this bankruptcy case is the most appropriate remedy.  The Court should therefore grant the relief requested in the Motion and order conversion pursuant to Section 1112(b)(1).

<u>ARGUMENT</u>

**I.    *Cause Exists Under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4) to Convert This Case.***

14.  The text of Section 1112(b)(1) provides:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest,[3] and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

15.  "Cause," as used in Section 1112(b)(1), is defined in pertinent provisions of Section 1112(b)(4) as follows:

> For purposes of this subsection, the term 'cause' includes--

---

[3]  By its terms, Section 1112(b)(1) grants any "party in interest" standing to seek any of the remedies available under that statutory provision.  Although not expressly mentioned among the illustrative examples of parties in interest in Section 1109(b), the United States Trustee is a "party in interest" for purposes of seeking the relief requested in the Motion.  *See In re South Beach Securities, Inc.*, 606 F.3d 366, 371 (7th Cir. 2010) (holding that the United States Trustee is a "'party in interest' when he seeks to protect the rules and procedures of bankruptcy"); *A-1 Trash Pickup, Inc. v. United States Trustee (In re A-1 Trash Pickup)*, 802 F.2d 774, 777 (4th Cir. 1986) (concluding the United States Trustee "is a 'party in interest' within the meaning of § 1112(b)"); 11 U.S.C. § 307 (granting the United States Trustee statutory standing to raise and appear and be heard on any issue arising under title 11).

…

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

…

 (K) failure to pay any fees or charges required under chapter 123 of title 28;

….

11 U.S.C. §§ 1112(b)(1), (b)(4)(F), & (b)(4)(K).

16.   Here, Debtor filed a voluntary petition for Chapter 11 relief on or about October 14, 2013. [Docket No. 1].  Because no bankruptcy trustee has been appointed and qualified to serve as the representative of the bankruptcy estate in this case, Debtor has assumed the status of Debtor in possession and estate fiduciary.  *See* 11 U.S.C. §§ 322, 323, 1101(1) and 1107(a).  In addition to Debtor's statutory entitlement to all rights and powers of a Chapter 11 trustee, Debtor is therefore tasked with discharging duties ordinarily performed by a trustee.  11 U.S.C. §§ 1106(a)(1) and 1107(a).

17.   For purposes of the Motion, the key duties Debtor has been tasked with performing and has failed to discharge are: (1) the duty to timely file monthly operating reports (11 U.S.C. §§ 704(a)(8), 1106(a)(1) and 1107(a); FED. R. BANKR. P. 2015(a)(3)); and (2) the duty to pay quarterly fees required under 28 U.S.C. § 1930(a)(6).

**A.    *Cause exists under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(F) because Debtor has failed to timely file monthly operating reports.***

18.   Section 1112(b)(4)(F) provides that the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" is cause to convert or dismiss a Chapter 11 case.  *See* 11 U.S.C. § 1112(b)(4)(F).

19.   Monthly operating reports are a "filing or reporting requirement established by" the Bankruptcy Code.  *See* 11 U.S.C. § 1112(b)(4)(F).  Specifically, Section 704(a)(8), made applicable here by Sections 1106(a)(1) and 1107(a), requires a debtor to "file with the court [and] with the United States trustee . . . periodic reports and summaries . . . including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires."[4]  11 U.S.C. § 704(a)(8).  *See In re Sydnor*, 431 B.R. 584, 592 n.11 (Bankr. D. Md. 2010) ("Monthly operating reports are required by Sections 1107(a), 1106(a)(1), and 704(a)(8) [of the Bankruptcy Code].").  A Chapter 11 debtor who fails to file monthly operating reports thus fails to "satisfy timely [a] filing or reporting requirement established by [the Bankruptcy Code]," which in turn constitutes "cause to convert or dismiss [the debtor's] Chapter 11 case."  *See* 11 U.S.C. § 1112(b)(4)(F).  *See also In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) ("Refusal or inability to provide financial disclosure sounds the death knell of a Chapter 11 case. The failure to file monthly operating statements . . . whether based on inability to do so or otherwise, undermines the Chapter 11 process and constitutes cause for dismissal or conversion of the Chapter 11 proceedings.") (quotations and citations omitted).

20.   The significance of monthly operating reports to the overall functioning of the bankruptcy process is underscored by multiple references to those reports in both the Bankruptcy Code and FRBP, as well as their inclusion in the list of examples of cause for relief under Section 1112(b)(4). As one court has noted:

> *Timely and accurate financial disclosure is the life blood of the Chapter 11 process.*  Monthly operating reports are much more than busy work imposed upon a Chapter 11 debtor for no reason other than to require it to do something.  They are the means by which creditors can monitor a debtor's post-petition operations . . . *As such, their filing is very high on*

---

[4]  Furthermore, FRBP 2015(a)(3) provides that a trustee or debtor in possession must "file the reports and summaries required by § 704(a)(8) of the Code."  FED. R. BANKR. P. 2015(a)(3).

> *this list of fiduciary obligations imposed upon a debtor in possession*. . . .
> Thus the failure to file operating reports in itself constitutes cause for
> dismissal.

*In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (emphasis added) (quotations and citations omitted).

21.   Moreover, the requirement to file monthly operating reports serves as an important safeguard against potential fraudulent conduct by a debtor. *See Medicar Ambulance Co., Inc. v. Shalala (In re Medicar Ambulance Co., Inc.)*, 166 B.R. 918, 926 (Bankr. N.D. Cal. 1994) ("The Bankruptcy Code provides a variety of safeguards against fraudulent conduct of a debtor.  Among these are . . . the requirement that monthly operating reports be submitted to the court and made available to creditors.") (quotations omitted).  A debtor's failure to file monthly operating reports thus subverts the Chapter 11 process itself. *In re All Denominational New Church v. Pelofsky (In re All Denominational New Church)*, 268 B.R. 536, 538 (B.A.P. 8th Cir. 2001) ("A failure to file monthly operating reports, *whether based on inability to do so or otherwise*, undermines the Chapter 11 process and *constitutes cause for conversion or dismissal of a Chapter 11 proceeding*.") (emphases added); *Berryhill*, 127 B.R. at 433 (dismissing a Chapter 11 case filed by a debtor, in part because the debtor failed to timely file monthly operating reports).

22.   In addition, a debtor's failure to provide timely and accurate financial disclosures constitutes a breach of the debtor's duty of loyalty. *In re Sal Caruso Cheese, Inc.*, 107 B.R. 808, 817 (Bankr. N.D.N.Y. 1989) ("As a fiduciary, the debtor is obligated to protect and conserve property in its possession, as well as to provide voluntary and honest disclosure of financial information—a reasonable *'quid pro quo'* for its temporary relief from substantial financial obligations.") (citations omitted).  The court in *Sal Caruso Cheese* went on to state that "[Bankruptcy] functions as a shield, in exchange for certain sacrifices, such as honest and continued public disclosure, and is never to be

used as a sword.  Chapter 11 relies upon informed negotiation largely through a debtor's duty as a fiduciary of the estate and the creditors."  *Id.* at 818.  Failure to discharge this duty constitutes cause for conversion or dismissal under Section 1112(b)(1).  *See id.*

23.  Here, cause clearly exists within the meaning of Sections 1112(b)(1) and 1112(b)(4)(F) to convert this bankruptcy case to Chapter 7.  As recited above, Debtor has not filed any monthly operating reports since commencing this case more than eight (8) months ago.  [*See* Docket; *Declaration of Donna Jensen*, attached hereto as "Exhibit A"].  Accordingly, Debtor has abdicated Debtor's duty to "file with the court [and] with the United States trustee . . . . periodic reports and summaries . . . including a statement or receipts and disbursements."  11 U.S.C. § 704(a)(8).  Debtor has likewise failed to "furnish such information concerning the estate and the estate's administration as is requested by a party in interest."[5]  11 U.S.C. § 704(a)(7); 11 U.S.C. §§ 1106, 1107; FED. R. BANKR. P. 2015(a)(3).

24.  The United States Trustee respectfully submits that even if Debtor were to now file all monthly operating reports that are past due, their delay in filing would itself constitute cause to convert or dismiss this case under Section 1112(b).  Cause, as defined in Section 1112(b), includes the "unexcused failure to satisfy *timely* any filing or reporting requirement."  11 U.S.C. § 1112(b)(4)(F) (emphasis added).  *See In re Babayoff*, 445 B.R. 64, 76 (Bankr. E.D.N.Y. 2011) (finding cause to convert or dismiss under Section 1112(b) where debtor filed multiple monthly operating reports "in a single batch, weeks or months late," and noting that the "requirement to file these reports on a *timely* basis . . . assures that current information is regularly and easily available" to interested parties) (emphasis added); *In re Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 716–717 (Bankr. D. Md. 2011) (finding cause to dismiss under Section 1112(b) where several days before

---

[5]  *See supra* note 3 (citing authority supporting the proposition that the United States Trustee is a "party in interest" for purposes of the Motion).

a hearing on a motion to dismiss, debtor filed "catch-up monthly reports" for three previously unreported months); *In re Whetten*, 473 B.R. 380, 383 (Bankr. D. Colo. 2012) ("The late filing of catch-up monthly operating reports does not satisfactorily explain or excuse failure to satisfy [a debtor's] duties as a chapter 11 debtor . . . . Filing catch-up reports is akin to locking the barn doors after the horses have already gotten out."); *In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994) ("Of prime importance in the reorganization process is the principle of disclosure. . . . [D]isclosure is required during the entire reorganization process.").

25.  For the foregoing reasons, the United States Trustee submits that the Court has cause to convert this bankruptcy case to Chapter 7 and requests that the Court grant the relief requested in the Motion.  11 U.S.C. §§ 1112(b)(1), (b)(4)(F).

**B.    *Cause exists under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(K) because Debtor has failed to pay fees or charges required under chapter 123 of title 28.***

26.  Section 1112(b)(4)(K) provides that cause for conversion or dismissal of a bankruptcy case includes the "failure to pay any fees or charges required under chapter 123 of title 28."  An important corollary to this requirement is found in FRBP 2015(a)(5), which provides:

> A trustee or debtor in possession shall . . . in a chapter 11 reorganization case, on or before the last day of the month after each calendar quarter during which there is a duty to pay fees under 28 U.S.C. § 1930(a)(6), file [with the Court] and transmit to the United States trustee a statement of any disbursements made during that quarter and of any fees payable under 28 U.S.C. § 1930(a)(6) for that quarter.

FED. R. BANKR. P. 2015(a)(5)

27.  Section 1930(a)(6)—within chapter 123 of title 28 of the United States Code—expressly provides for the continued accrual of quarterly United States trustee fees until a chapter 11 bankruptcy case is either converted or dismissed.  28 U.S.C. § 1930(a)(6).  Since neither of these

statutory events has yet occurred in Debtor's bankruptcy case, quarterly U.S. Trustee fees have accrued throughout the pendency of the case.

28.  The importance of the requirement that debtors file operating reports containing a statement of disbursements and quarterly fees payable under 28 U.S.C. § 1930(a)(6) is demonstrated by the fact that the schedule of fees set forth in 28 U.S.C. § 1930(a)(6) is based on disbursements made by a debtor-in-possession or chapter 11 trustee.  FED. R. BANKR. P. 2015(a)(5).

29.  Thus, Debtor's failure to file such statements impairs the ability of the United States Trustee to determine the appropriate amount of fees due and owing by Debtor.  Here, Debtor has not filed any operating reports nor paid any fees required under 28 U.S.C. § 1930(a)(6)—despite multiple delinquency notices delivered to Debtor's counsel by the U.S. Trustee—and the amount of Debtor's delinquency is therefore estimated at the statutory minimum of $650.00.  [*See* Docket; *Declaration of Donna Jensen* attached hereto as "Exhibit A"].  *See also* FED. R. BANKR. P. 2015(a)(5).

30.  Cause therefore exists within the meaning of Sections 1112(b)(1) and 1112(b)(4) to convert or dismiss this case due to Debtor's failure to pay fees required under chapter 123 of title 28. Accordingly, the United States Trustee respectfully requests that the Court enter an order converting this case to Chapter 7.  11 U.S.C. §§ 1112(b)(1), (b)(4)(K).

**II.**    ***Once Cause is Established, Debtor has the Burden of Establishing All Elements of the Statutory Defense Available Under 11 U.S.C. § 1112(b)(2).***

31.  The burden of proof to establish a *prima facie* case of cause belongs here to the United States Trustee as the movant seeking relief under Section 1112(b)(1).  *Sydnor*, 431 B.R. at 590–591 (stating that Section 1112 applies a burden shifting approach that assigns to the movant the initial burden of establishing a *prima facie* case of cause for conversion or dismissal of a debtor's Chapter 11 bankruptcy case).  Once cause is established, the burden then shifts to the respondent to establish unusual circumstances demonstrating that the requested dismissal or conversion is not in the best

interests of creditors and the bankruptcy estate. *Id.* at 591 ("The burden is upon the respondent to prove such unusual circumstances."). The standard of proof is by preponderance of the evidence. *In re Comscape Telecomm's, Inc.*, 423 B.R. 816, 830 (Bankr. S.D. Ohio 2010).

32. It is important to note that in assessing any potential defense that Debtor or other respondents may interpose here, courts have held that the statutory requirement of unusual circumstances must be predicated upon facts other than those that generally come to pass in Chapter 11 bankruptcy cases. *Sydnor,* 431 B.R. at 591 ("[U]nusual circumstances cannot solely be facts that are common to Chapter 11 cases generally."); *Landmark Atlantic*, 448 B.R. at 712 (same); *In re Orbit Petroleum, Inc.* 395 B.R. 145, 148 (Bankr. D.N.M. 2008) (same).

33. The United States Trustee respectfully submits that the present state of the record does not disclose any unusual circumstances that would counsel against granting the relief requested in the Motion. Therefore, subject to any evidence that may be adduced by Debtor or by other respondents to the Motion, there does not appear to be sufficient evidence to support any defense to the relief requested in the Motion under the "unusual circumstances" clause found in Section 1112(b)(2). Accordingly, the Court should grant the relief requested in the Motion and enter an order converting this case to Chapter 7.

34. In addition to the statutory requirement that Debtor establish unusual circumstances within the meaning of Section 1112(b)(2), Debtor or other respondents must establish the requirements set forth in Section 1112(b)(2)(A)–(b)(2)(B). Section 1112(b)(2) provides:

> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, *and* the debtor or any other party in interest establishes that–
>
> > (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e)

of this title, or if such sections do not apply, within a reasonable period of time; *and*

(B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)

(I) for which there exists a reasonable justification for the act or omission; *and*

(ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2) (emphasis added).

35.  It is important to note that Debtor must establish each of the statutory elements set forth under Section 1112(b)(2) as the statute is written in the conjunctive, and enforcement of Section 1112(b)(2) according to its express terms would not yield an absurd result here.  *In re Om Shivai, Inc.* 447 B.R. 459 (Bankr. D.S.C. 2011) ("The construction of [Section 1112(b)(2)] makes it clear that all of the elements set forth in [Section 1112(b)(2)] must be satisfied to protect the debtor from conversion or dismissal."); *Landmark Atlantic*, 448 B.R. at 717 (same).

36.  Debtor must first establish that a plan can be confirmed within a reasonable period of time, which is unlikely in this case.  Debtor cannot obtain a Court order approving a disclosure statement in this case, which is a necessary predicate to plan confirmation, until Debtor discloses "adequate information," as that term is defined in Section 1125(a)(1).  *See* 11 U.S.C. § 1125(a)(1). Debtor cannot claim it has disclosed "adequate information" while it is neglecting to file any operating reports in this case.   Moreover, Debtor cannot confirm a plan under Section 1129(a)(2) until it has "complie[d] with applicable provisions of [the Bankruptcy Code]."  *See* 11 U.S.C. § 1129(a)(2).  Those provisions include the requirement to file operating reports, as noted above. Moreover, Debtor has not yet filed a disclosure statement or plan in this case, which has been pending

before the Court for more than eight (8) months.  These facts do not support a "reasonable likelihood that a plan will be confirmed within . . . a reasonable period of time." 11 U.S.C. § 1112(b)(2)(A).

37.  In addition, Debtor must demonstrate that the relief requested in the Motion is not predicated upon Section 1112(b)(4)(A).  Here, the United States Trustee acknowledges that the relief requested in the Motion is not predicated upon a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.  This is due, at least in part however, to Debtor's failure to file monthly operating reports.

38.  Debtor must also demonstrate a reasonable justification for the acts or omissions that form the factual predicates for the relief requested in the Motion.  11 U.S.C. § 1112(b)(2)(B)(I).  This statutory requirement stands separate and apart from whether Debtor may be able to cure any of the acts or omissions which form the basis for the relief requested in the Motion.  *See* 11 U.S.C. § 1112(b)(2)(B)(ii).

39.  The United States Trustee respectfully submits that it is unlikely that there exists a reasonable justification for Debtor's (1) failure to file any monthly operating reports; and (2) failure to pay any United States Trustee fees required under 28 U.S.C. § 1930(a)(6).

40.  Nevertheless, if the Court ultimately determines that Debtor can establish: (a) that Debtor can confirm a Chapter 11 plan within a reasonable period of time; and (b) that Debtor has a reasonable justification for the acts and omissions that form the basis of the relief requested in the Motion, the United States Trustee respectfully submits that any period of time granted to Debtor under Section 1112(b)(2)(B)(ii) be relatively short in light of the omissions in this case and that the Court set a specific deadline, pursuant to Section 105(d)(2)(B), by which Debtor must confirm a plan. Moreover, the United States Trustee requests that if the Court elects to set the aforementioned deadline, then this case be converted to Chapter 7 or dismissed if Debtor fails to meet it.

41.  The United States Trustee respectfully submits that the present state of the record before the Court does not support the existence of unusual circumstances under Section 1112(b)(2) that would render the relief requested in the Motion not in the best interests of Debtor's creditors and the bankruptcy estate.  Nor does the record support the existence of the statutory elements required to establish a defense to the Motion under Section 1112(b)(2). The Court should therefore grant the relief requested in the Motion and enter an order converting this case to Chapter 7.

**III.**    ***The Relief Requested in the Motion Should Not be Qualified by the Forms of Relief That May Otherwise be Available Under 11 U.S.C. § 1104(a).***

42.  The United States Trustee respectfully submits that the appointment of an examiner or a Chapter 11 trustee is not an appropriate alternate remedy to the relief requested in the Motion.

43.  First, the appointment of an examiner would be an inadequate remedy because the duties which Debtor has failed to discharge under the Bankruptcy Code and FRBP are those expressly assigned to either the bankruptcy trustee or debtor in possession as the representative of the bankruptcy estate.  11 U.S.C. §§ 323, 704(a)(8), 1101(1), 1106(a)(1) and 1107(a); FED. R. BANKR. P. 2015(a)(3).  An examiner is not the representative of a bankruptcy estate.  *See W.R. Grace & Co. v. Sealed Air Corp. (In re W.R. Grace & Co.)*, 285 B.R. 148, 156 (Bankr. D. Del. 2002) ("Obviously an examiner does not displace the debtor in possession, and an examiner is not the representative of the estate under the Code.").

44.  Second, it is not clear what resources would be available to fund the administrative expenses of an examiner in this case.  Under Section 1107(a), Debtor as debtor-in-possession is not entitled to be compensated under Section 330 for performing its fiduciary duties as debtor-in-possession.  The estate should not be burdened with additional administrative expenses associated with the appointment of an examiner due to Debtor's failure to discharge duties assigned to it by both the Bankruptcy Code and FRBP.

45.  Similarly, the appointment of a Chapter 11 trustee under Section 1104(a) is also not in the best interests of Debtor's creditors and the bankruptcy estate.  As stated above, the record in this case does not suggest that Chapter 11 reorganization is feasible.  11 U.S.C. § 1129(a)(11).

46.  Conversion of Debtor's bankruptcy case to a case under Chapter 7 of the Bankruptcy Code is preferable to dismissal because Debtor has concealed the disposition of estate assets for more than eight (8) months by failing to file any operating reports, and Debtor has indicated that it estimates funds would be available for distribution to unsecured creditors in this case.  [*See* Docket No. 20 at 1 of 3].  A Chapter 7 trustee would be in the best position to oversee the distribution of those funds.  The United States Trustee does not, however, object to the Court dismissing this case if the Court ultimately determines that such relief, as opposed to the remedy of conversion requested in the Motion, is in the best interests of Debtor's creditors and the bankruptcy estate.

47.  For all of the foregoing reasons, the United States Trustee asks that the Court grant the relief requested in the Motion and enter an order converting this case to Chapter 7.

**WHEREFORE**, the United States Trustee respectfully requests that the Court enter an order (a) granting the Motion; (b) converting this bankruptcy case to Chapter 7; and (c) commanding such other relief as the Court deems just under the circumstances.

Dated: June 25, 2014

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By:  */s/ Jonas V. Anderson*
Jonas V. Anderson, Esq.
Attorney for the United States Trustee
United States Department of Justice

300 Las Vegas Blvd. South, Suite 4300
Las Vegas, Nevada  89101
Telephone:  (702) 388-6600, Ext. 227

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>EXHIBIT A</u>

TRACY HOPE DAVIS
United States Trustee for Region 17
Office of the U.S. Trustee
300 Las Vegas Blvd., #4300
Las Vegas, NV 89101
Telephone: (702) 388-6600
Fax: (702) 388-6658

By:    JONAS V. ANDERSON
       Trial Attorney
       Email: jonas. v.anderson@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| In re | / | Case No. BK-S-13-18735-mkn |
| **SIX STAR CLEAING AND** | / | |
| **CARPET SERVICES, INC.,** | / | Chapter 11 |
| | / | |
| Debtor. | / | |

## DECLARATION OF DONNA JENSEN

I, Donna Jensen, declare as follows:

**1.**    I am employed as a Paralegal Specialist / Quarterly Fee Coordinator in the Office

of the United States Trustee, Region 17, San Francisco Division, 235 Pine Street, Suite 700, San

Francisco, California 94104.

**2.**    I make this declaration based on my own personal knowledge of the facts of this

matter and based upon my review of the Chapter 11 Quarterly Fee Information and Collection

System maintained by the United States Trustee Program.  If called upon to do so, I could and

would testify as to these facts.

**3.** On May 9, 2014, in my capacity as Quarterly Fee Coordinator, I sent an email advising Debtors' counsel of delinquent fees and reports in this case. Attached as "Exhibit 1" is a true and correct copy of my May 9, 2014, email.

**4.** On May 20, 2014 in my capacity as Quarterly Fee Coordinator, I sent an email advising Debtors' counsel of delinquent fees and reports in this case. Attached as "Exhibit 2" is a true and correct copy of my May 20, 2014, email.

**5.** On June 25, 2014, I reviewed the records in PACER for the above captioned chapter 11 case. The court's docket shows that the Debtor has not filed any operating reports.

**6.** As of this date, Debtor owes fees in the amount of $650 as follows:,

4th Q 2013 - $325.00

1st Q 2014 - $325.00

**Total**: **$650.00**

I declare under penalty of perjury that the foregoing is true and correct this 25th day of June, 2014, San Francisco, California.

   /s/ Donna Jensen

DECL. – OF DONNA JENSEN                    -2-

Exhibit 1

**Jensen, Donna (USTP)**

**To:** winderdandocket@aol.com
**Subject:** 13-18735 Six Star Cleaning and Carpet

Dear Counsel,

According to our records, the debtor(s) on the above referenced case have failed to pay United States Trustee quarterly fees that were due **on or before April 30, 2014** for **the 4th quarter of 2013, and the 1st quarter of 2014 in the amounts of $650.** Please ensure that the debtor(s) make payment within ten 10 days of the date of this email if they have not already done so. Please mail payments to: U.S. Trustee Payment Center, P.O. Box 530202, Atlanta, GA 30353-0202.

Our records also indicate that the required financial report(s) have not been filed with the court. **Please review the court docket to identify any missing report(s)** and ensure that the debtor(s) file the delinquent reports with the court within ten 10 days of the date of this email if they have not already done so. **Please be advised, delinquent quarterly fees and/or reports are cause to bring a motion under §1112 for dismissal or conversion.**

Thank you for your attention to this matter. If you should have any questions please contact me.

*This communication is not intended to prejudice or supersede any pending legal actions or alternative payment arrangements. Please note that pursuant to 31 U.S.C. §3717, interest has been assessed on past due balances. Debtors may not yet have received billings for recent adjustments after receipt of monthly operating reports. Some of the listed balances may be based upon estimated disbursements because the debtors have failed to timely file monthly operating reports. If you believe that any balance is inaccurate for this or any other reason, please advise us. Recent payments may not yet have been credited.*

*Donna Jensen*
*Paralegal Specialist*
*Quarterly Fee Coordinator, Region #17*
*Office of the U.S.Trustee*
*235 Pine Street, Suite 700*
*San Francisco, CA 94104*
*(415)705-3342*

.

Exhibit 2

**Jensen, Donna  (USTP)**

**To:**                          winderdandocket@aol.com
**Subject:**                  13-18735 Six Star Cleaning and Carpet


Dear Counsel,

Despite the notice of delinquency sent to you by email on **May 9, 2014,** the debtor has not yet paid United States Trustee quarterly fees in the amount of **$650**, **for the 4th quarter of 2013 and the 1st quarter 2014.** Please contact me to discuss any balance that will not be paid immediately.

Thank you for your attention to this matter.


*This communication is not intended to prejudice or supersede any pending legal actions or alternative payment arrangements.  Please note that pursuant to 31 U.S.C. §3717, interest has been assessed on past due balances.  Debtors may not yet have received billings for recent adjustments after receipt of monthly operating reports.  Some of the listed balances may be based upon estimated disbursements because the debtors have failed to timely file monthly operating reports.  If you believe that any balance is inaccurate for this or any other reason, please advise us.  Recent payments may not yet have been credited.*


*Donna Jensen*
*Paralegal Specialist*
*Quarterly Fee Coordinator, Region 17*
*Office of the United States Trustee*
*235 Pine Street, Ste 700*
*San Francisco, CA 94104*
*415-705-3342*
*Donna.jensen@usdoj.gov*

# EXHIBIT D

# PROPOSED FORM OF ORDER

Scott Andrew Farrow
Acting Assistant United States Trustee
State Bar # WI 1000609
*scott.a.farrow@usdoj.gov*

Jonas V. Anderson, Attorney
State Bar # VA 78240
*jonas.v.anderson@usdoj.gov*

**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel.: (702) 388-6600, Ext. 227
Fax:  (702) 388-6658

**Attorneys for the United States Trustee for Region 17**
        **TRACY HOPE DAVIS**

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No: BK-S-13-18735-MKN |
| SIX STAR CLEANING AND CARPET SERVICES, INC., | Chapter 11 |
| Debtor. | Date: August 27, 2014<br>Time: 9:30 a.m.<br>Place: MKN-Courtroom 2, Foley Federal Bldg. |

## ORDER CONVERTING CASE TO CHAPTER 7

Based on the *Motion of the United States Trustee, Pursuant to 11 U.S.C. § 1112(b) and*

*Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Convert Chapter 11 Case to*

*Chapter 7*, the hearing held on August 27, 2014 (appearances noted on the record), the Court having stated on the record its findings of fact and conclusions of law, which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052, and Federal Rule of Civil Procedure 52, with good cause having been shown,

**IT IS HEREBY ORDERED** that this case is **CONVERTED TO CHAPTER 7.**

Submitted by:

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: _/s/ Jonas V. Anderson_
    Jonas V. Anderson, Esq.
    United States Department of Justice
    Attorney for the United States Trustee

## RULE 9021 DECLARATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the Court's ruling and that:

☐ The court has waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

| APPROVE/DISAPPROVE | APPROVE/DISAPPROVE |
| --- | --- |
| _____ | _____ |
| RANDAL R LEONARD<br>500 S. EIGHTH ST.<br>LAS VEGAS, NV 89101 | DAN M. WINDER<br>3507 W. CHARLESTON BLVD.<br>LAS VEGAS, NV 89102 |
| *Attorney for Debtor* | *Attorney for Debtor* |

☐ I certify that this is a case under Chapter 7 or 13, that I served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

By: _/s/ Jonas V. Anderson_
    Jonas V. Anderson, Esq.
    United States Department of Justice
    Attorney for the United States Trustee