Victoria L. Nelson, Esq. (NV Bar No. 5436)
Email: vnelson@nelsonhoumand.com
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@nelsonhoumand.com
NELSON & HOUMAND, P.C.
3900 Paradise Road, Suite U
Las Vegas, Nevada 89169-0903
Telephone:    702/720-3370
Facsimile:    702/720-3371

*General Bankruptcy Counsel for Dotan Y. Melech, Chapter 7 Trustee*

*Electronically Filed On: March 1, 2016*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SIX STAR CLEANING AND CARPET SERVICES, INC.,<br><br>Debtor. | Case No. BK-S-13-18735-MKN<br>Chapter 7<br><br>**EX PARTE APPLICATION TO EMPLOY WIMBERLY, LAWSON & AVAKIAN AS SPECIAL LITIGATION COUNSEL FOR DOTAN Y. MELECH, CHAPTER 7 TRUSTEE, PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014**<br><br>Date of Hearing:    N/A<br>Time of Hearing:    N/A<br><br>Judge: Honorable Mike K. Nakagawa |

DOTAN Y. MELECH, the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case (the "Trustee"), by and through his general bankruptcy counsel of record Victoria L. Nelson, Esq., and Jacob L. Houmand, Esq. of the law firm of Nelson & Houmand, P.C., hereby submits this *Ex Parte Application to Employ Wimberly, Lawson & Avakian As Special Litigation Counsel for Dotan Y. Melech, Chapter 7 Trustee Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* (the "Application").[1]

. . .

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

-1-

This Application is filed pursuant to 11 U.S.C. §§ 327 and 328 and Federal Rule of Bankruptcy Procedure 2014. The Application is based on the following Memorandum of Points and Authorities, the *Declaration of Dotan Y. Melech In Support of Ex Parte Application to Employ Wimberly, Lawson & Avakian As Special Litigation Counsel for Dotan Y. Melech, Chapter 7 Trustee Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* (the "Melech Declaration"), the *Declaration of Michael E. Avakian, Esq. In Support of Ex Parte Application to Employ Wimberly, Lawson & Avakian As Special Litigation Counsel for Dotan Y. Melech, Chapter 7 Trustee Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* (the "Avakian Declaration"), and the *Declaration of Rosemary Philips In Support of Ex Parte Application to Employ Wimberly, Lawson & Avakian As Special Litigation Counsel for Dotan Y. Melech, Chapter 7 Trustee Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* (the "Philips Declaration"), all of which are filed separately and concurrently with this Court pursuant to Local Rule 9014(c)(2). The Application is also based on the pleadings and papers on file herein, and any argument that may be entertained at a hearing on the Application.[2] A true and correct copy of the proposed order granting the relief requested in this Application is attached hereto as **Exhibit "1"**.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF FACTS

**THE COMMENCEMENT OF LITIGATION AGAINST LABOR UNION**

1.   On April 8, 2011, Six Star Cleaning and Carpet Services, Inc. (the "Debtor"), and five other plaintiffs, commenced litigation against the Laborers International Union of North America Local No. 872, Laborers International Union of North America Local No. 702, and Tommy White (collectively, the "Union") captioned *Six Star Cleaning and Carpet Services, Inc. et al. v.* Laborers International Union of North America Local No. 872 et al. (Case No. 2:11-cv-00524-LDG-CWH) in the United States District Court for the District of Nevada (the "District

---

[2] The Trustee also requests that the Court take judicial notice of all pleadings filed in the above-referenced bankruptcy case, including adversary proceedings, pursuant to Rule of Evidence 201, incorporated by reference by FRBP 9017.

NELSON & HOUMAND, P.C.
3900 Paradise Road, Suite U, Las Vegas, Nevada 89169
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

Court Action"). *See* Melech Declaration.

2. The Debtor alleged the following claims for relief against the Union: (1) discrimination; (2) alter ego; (3) breach of contract; (4) conversion; (5) fraudulent and intentional misrepresentation; (6) fraud in the inducement; (7) intentional interference with present and future contractual relations; (8) declaratory and injunctive relief – defamation; (9) defamation and defamation per se; (10) intentional infliction of emotional distress; (11) negligent infliction of emotional distress; and (12) harassment. *See* Melech Declaration.

**THE DEBTOR'S BANKRUPTCY FILING**

3. On October 14, 2013, the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code [ECF No. 1][3]. *See* Melech Declaration.

4. The Debtor's bankruptcy filing appears to have been precipitated by an ongoing dispute with B&R Builders, Inc. dba Breslin Builders ("Breslin"), the general contractor on a construction project that contracted with the Debtor to provide certain clean-up services. *See* Melech Declaration.

5. On September 4, 2014, the Debtor's Chapter 11 case was converted to Chapter 7 [ECF No. 118]. *See* Melech Declaration.

6. On September 4, 2014, the Trustee was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 120]. *See* Melech Declaration.

7. On March 26, 2015, the Court in the District Court Action ordered that some of the claims asserted by the Debtor against the Union are covered by an arbitration agreement and should proceed in arbitration. Once arbitration has been completed, the remaining claims will go to trial in the District Court Action. *See* Melech Declaration.

8. Shortly after the Court in the District Court Action ordered that some of the claims asserted by the Debtor against the Union should proceed to litigation, the principal of the Debtor employed the law firm of Wimberly, Lawson & Avakian (the "Firm") to advise her of the impact of the ruling and the strength of the claims asserted against the Union. *See* Avakian Declaration;

---

[3] All references to "ECF No." are to the numbers assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the clerk of the court.

-3-

*see also* Philips Declaration.

9. In order to assist the Trustee in administering the Debtor's bankruptcy case, recovering other assets which may be available for distribution to creditors and fulfilling his statutory obligations under Section 704 of Title 11, including the prosecution of the claims against the Union as alleged in the District Court Action and any arbitration proceedings, the Trustee desires to employ the Firm on a mixed hourly fee and contingency fee basis as set forth herein. *See* Melech Declaration.

10. The terms of the proposed employment of the Firm are set forth in the Engagement Letter, which is attached as **Exhibit "1"** to the Avakian Declaration. The principal terms of the proposed engagement of the Firm are set forth below:

   a. The Firm will be employed on a mixed hourly rate and contingency fee basis.

   b. The Firm shall be entitled to compensation on an hourly basis according to its customary rates and reimbursement of actual costs up to the maximum cap of $35,000 for fees and costs incurred in connection with the arbitration proceeding.

   c. The Firm shall be entitled to a contingency fee award equal to twenty percent (20%) of any amount recovered in the arbitration.[4]

   d. To the extent necessary, the Firm shall be entitled to compensation on an hourly basis according to its customary rates and reimbursement of actual costs for proceedings in the District Court Action following the conclusion of the arbitration proceeding.[5]

11. The Trustee believes that the terms of the proposed employment of the Firm is in the best interests of creditors given the Firm's expertise in labor disputes and their familiarity with the underlying Litigation.

. . .

. . .

---

[4] To the extent that there is a conflict between the Engagement Letter and the employment terms set forth in this Application, the provisions of the Engagement Letter shall control.

[5] The Trustee has been informed by special litigation counsel that it may not be necessary to proceed in the District Court Action if a favorable ruling is entered in the arbitration.

-4-

## II. JURISDICTION AND VENUE

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The statutory basis for the relief sought is Section 327, 1104 and 1106 of the Bankruptcy Code and FRBP 2014. Venue of Debtor's Chapter 7 case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. THE FIRM

13. The Firm is well suited for the type of representation required by the Trustee. The Firm represents management, companies, insurers, and governmental entities exclusively in all areas of labor law, employment law, and defense of claims related to general liability and commercial litigation. Accordingly, the Trustee has determined that the Firm has the resources and experience necessary to represent his interests in the claims asserted in the District Court Action. *See* Melech Declaration; *see also* Avakian Declaration.

14. The attorneys of the Firm that will render services in relation to the District Court Action are familiar with labor and employment law issues and the claims asserted by the Debtor.

15. The Trustee desires to employ the Firm as special litigation counsel to pursue the claims asserted by the Debtor in the District Court Action.

16. The Trustee has selected the Firm because its attorneys have experience in matters of this character and will be able to competently represent the Trustee's interests in the District Court Action. *See* Melech Declaration.

17. Following the Trustee's request that the Firm represent him in this case as special litigation counsel, a conflicts check was undertaken, utilizing the Firm's client list. Based upon the conflicts check the Firm and its associates are "disinterested persons" as defined by 11 U.S.C. § 101 and do not hold or represent any interest adverse to the bankruptcy estate. *See* Avakian Declaration.

18. The conclusion that the Firm is a "disinterested" person within the meaning of 11 U.S.C. § 101(14) for purposes of 11 U.S.C. § 327(a) is based upon the fact neither the Firm nor any of its attorneys:

. . .

    (a)    Are or were a creditor, equity security holder, or insider of the Debtor except as stated herein;

    (b)    Are or were, within two (2) years before the date of the filing the bankruptcy petition, a director, officer or employee of Debtor as specified in subparagraph (c) of Section 101(14) except as stated herein;

    (c)    Hold, or have ever held, an interest materially adverse to the interest of the estate or of any class of creditors, equity holders, or parties in interest, by reason of any direct or indirect relationship to, or interest in, the Debtor or for any other reason except as stated herein;

    (d)    Represent, or have ever represented, the Debtor, insiders of the Debtor, creditors of the Debtor, any other party in interest, or their respective attorneys and accountants except as set forth herein; and

    (e)    Is a relative or employee of the U.S. Trustee or a Bankruptcy Judge except as stated herein.

19. The Firm was previously retained by the principal of the Debtor to advise her as to her rights and obligations relating to the claims asserted by the Debtor in the District Court Action.

20. The principal of the Debtor has agreed to waive any and all conflicts that may arise by virtue of the Firm's representation of the Trustee as special counsel in the District Court Action. *See* Philips Declaration.

21. The Firm represents no interest that is adverse to the Trustee, to the Debtor's estate, any creditor, any party in interest, the U.S. Trustee, or any attorney or accountant employed by the foregoing, in matters upon which it will be engaged as counsel. *See* Avakian Declaration.

22. Following the execution of the Waiver, the Trustee submits that the Firm is a disinterested person within the meaning of Section 101(14) for purposes of Section 327(e), as it pertains to representing the Trustee as special litigation counsel in the Debtor's bankruptcy case. *See In re Johnson*, 312 B.R. 810 (Bankr. E.D. Va. 2004) (holding that a law firm's representation

of a Chapter 7 Trustee and creditor did not violate Section 327 because there was not an actual conflict of interest).

23. Accordingly, the Trustee submits that the Firm is a disinterested person within the meaning of 11 U.S.C. § 101(14) for purposes of 11 U.S.C. § 327(a), as it pertains to representing the Trustee as general bankruptcy counsel in the Debtor's Bankruptcy.

### IV.    COMPENSATION

24. Subject to Court approval, in accordance with 11 U.S.C. § 330, the Trustee seeks to retain the Firm on a mixed hourly rate and contingency fee basis. Specifically, the Firm shall be entitled to compensation on an hourly basis at the customary and standard rates that the Firm charges for similar representation, plus reimbursement of actual and necessary expenses incurred by the Firm in performing its duties up to a maximum amount of $35,000. *See* Avakian Declaration.

25. The Firm proposes the compensation of attorneys be at the rate of $515 an hour for the services of attorneys, subject to change from time to time, and all subject to application to, and approval by, this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. *See* Avakian Declaration.

26. In addition to compensation according to the traditional hourly rates of the Firm, the Firm shall also be entitled to a contingency fee award equal to twenty percent (20%) of any recovery from the Litigation. *See* Avakian Declaration.

27. The Firm contemplates that it may seek interim compensation during this case as permitted by 11 U.S.C. § 331 and Federal Rule of Bankruptcy Procedure 2016. The Firm understands that its compensation is subject to prior Court approval. *See* Avakian Declaration.

28. No promises have been received by the Firm or any attorney of the Firm, as to payment or compensation in connection with the above-referenced bankruptcy case in accordance with the provisions of the Bankruptcy Code, the FRBP, the Local Rules, and orders of the Court. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm, except as permitted under Section 504(b)(1). *See* Avakian Declaration.

. . .

-7-

29. This Application was submitted to the United States Trustee prior to the filing of the same. *See* Melech Declaration.

### V. <u>CONCLUSION</u>

WHEREFORE, the Trustee respectfully requests that he be authorized to employ the Firm as special litigation counsel, to represent the Trustee in this bankruptcy proceeding upon the terms set forth in this Application with payment of all fees and costs by the estate subject to notice and hearing and approval of this Court and for such other and further relief as is just and proper.

Dated this 1st day of March, 2016.

**NELSON & HOUMAND, P.C.**

*/s/ Jacob L. Houmand*
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Jacob L. Houmand, Esq. (NV Bar No. 12781)
3900 Paradise Road; Suite U
Las Vegas, Nevada 89169-0903

*General Bankruptcy Counsel for Dotan Y. Melech, Chapter 7 Trustee*

**Approved As to Form and Content**
**OFFICE OF THE UNITED STATES TRUSTEE**

*/s/ J. Michal Bloom*
Trial Attorney
United States Department of Justice
Office of the United States Trustee
Region 17; Las Vegas Field Office
300 Las Vegas Blvd. South, Suite 4300
Las Vegas, NV 89101

*Counsel for Tracy Hope Davis, Region 17 United States Trustee*

-8-