**THE URBAN LAW FIRM**
MICHAEL A. URBAN, Nevada State Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 South Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Facsimile:   (702) 968-8088
Electronic Mail: murban@theurbanlawfirm.com
            nring@theurbanlawfirm.com
*Counsel for Creditors, Laborers Joint Trust Funds*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-13-18735-MKN |
| | CHAPTER 7 |
| SIX STAR CLEANING AND CARPET SERVICES, INC., | |
| Debtor. | **JOINDER TO OBJECTION TO APPLICATION FOR ADMINISTRATIVE EXPENSES FOR ARBITRATOR, NUNC PRO TUNC** |

Creditors, THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; THE BOARD OF TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST (collectively "Trust Funds"), by and through their counsel of record, The Urban Law Firm, hereby provide notice to the Court of their Joinder to the Objection to Application for Administrative Expenses for Arbitrator, Nunc Pro Tunc filed by Laborers, Local 872  with this Court on March 4, 2019.

/ / /

/ / /

135598

1

**FACTS**

The Trust Funds adopt the stated facts in the Objection to Application for Administrative Expenses for Arbitrator, Nunc Pro Tunc filed by Laborers, Local 872 with this Court on March 4, 2019. Dkt. No. 279.

**LEGAL ARGUMENT**

Section 503 of the Bankruptcy Code allows for payment of administrative expenses from the bankruptcy estate. Under Section 503(b)(1)(A), the Court may approve the payment of those administrative expenses that are "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). As the Trustee correctly points out in its application for administrative expense, the burden of proving payment of an administrative expense is appropriate rests with the party moving for payment of that expense. *In re DAK Industries*, 66 F.3d 1091, 1094 (9th Cir. 1995). Here, the burden is on the Trustee to prove the expense is actual and necessary for purposes of preserving the bankruptcy estate.

As is demonstrated in the Objection filed by Laborers, Local 872, the cost of the arbitration to Six Star should only be $1,500. There are four other parties on the same side as Six Star in the arbitration and Six Star should not have to pay the costs of arbitration for those other parties. To do so in the form of an administrative expense from the bankruptcy estate works a unique hardship upon the creditors of this bankruptcy estate. The creditors of the bankruptcy estate—including the creditors filing this joinder—will be subject to reduced assets of the estate available for a dividend should the Bankruptcy Trustee's administrative expense request be approved. To pay an additional $6,000 out of the limited funds of this estate when the pro rata share of the bankrupt entity for the arbitration is only $1,500 will be a waste of the estate's assets. The estate should not be paying pro rata fees for other parties in an arbitration. Doing so will harm creditors of this estate and are neither actual or necessary expenses of this estate.

/ / /

/ / /

/ / /

135598

## CONCLUSION

The Trust Funds respectfully request the court reject the Trustee's application for payment of administrative expense because the amount requested is not an actual and necessary cost of preserving the bankruptcy estate. To the contrary, the requested expense will actually waste the already limited estate assets.

Dated: March 19, 2019                **THE URBAN LAW FIRM**

*/s/ Nathan R. Ring*
MICHAEL A. URBAN, Nevada State Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 South Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Fax:   (702) 968-8088
Email: murban@theurbanlawfirm.com
         nring@theurbanlawfirm.com
*Counsel for Creditors, Laborers Joint Trust Funds*

135598

3