LENARD E. SCHWARTZER
2850 S. Jones Blvd., Ste 1
Las Vegas, NV 89146
(702) 307-2022

TRUSTEE

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>SIX STAR CLEANING AND CARPET SERVICES, INC.,<br><br>Debtor. | Case No. BK-S 13-18735-MKN<br><br>IN PROCEEDINGS UNDER CHAPTER 7<br><br>REPLY BRIEF RE APPLICATION FOR ADMINISTRATIVE EXPENSE FOR ARBITRATOR, NUNC PRO TUNC<br><br>Date:  April 4, 2019<br>Time:  11:00 a.m.<br>Place: Foley Bldg., Third Floor |

LENARD E. SCHWARTZER, the duly appointed Chapter 7 Trustee in the above referenced proceeding, replies to the objections to the request for authorization, nunc pro tunc, for payment of an administrative expense in the amount of $7,500.00 to DENNIS KIST, Arbitrator, and represents:

## FACTS

1. As stated in the Application, an asset of the estate is Debtor's claim against the Laborers International Union of North America Local No. 872, Laborers International Union of North America Local No. 702, and Tommy White (collectively the "Union") which the U.S. District Court has ordered to arbitration.

2. In the litigation, there were originally five plaintiffs.

3. In order to proceed with arbitration, the arbitrator has to be paid.

4. The Trustee has paid one-half of the arbitration fee ($7,500.00) before its March 1,

1

2019 due date.

5. The Trustee has been informed by the bankruptcy estate's special counsel that expenses relating to arbitration will likely be as follows:

 A. Court Reporter $3500.00 for the Plaintiffs. $3500 for the Defendants.

 B. Room Rental - We estimated $ 1800 for the Plaintiffs and $1800 for the Defendants

 C. Meals for the Plaintiffs, Witnesses, and Counsel Estimated $800.00 for 6 days

 D. Administrative Fees ( projector, screen, mailing, printing, materials, supplies, etc.) $1500 for the Plaintiffs

 E. Analytics Expert $8000.00 ( Consilum Group from Washington DC)

 F. Forensic Review $5000.00 Collins already paid $4500.00

 G. Other Miscellaneous $ 400.00 ie., water, coffee, parking fees, runner service, etc.

 H. Transcript of the proceedings $2500 ($1250 each side)

 I. Arbitrator Ruling Days ( 2-3 days for review of the testimony) $2000 each side.

6. The Trustee has been informed by the bankruptcy estate's special counsel of the following:

 1. There are 4 remaining plaintiffs to this arbitration. The percentage of claims is not evenly divided.

 2. Blue Chip Enterprises, Inc. is no longer a viable entity and will not included in the payment or awards.

 3. It appears that Six Star would have around 60% of the claims and the 3 other remaining plaintiffs will have 40%.

 4. By paying $7,500 for the arbitrator, this bankruptcy estate will have a credit to be used with regard to the other expenses of arbitration.

/////

////

2

**LEGAL ARGUMENT**

A.  **The Union Lacks Standing to Object**

Laborers Local 872, the defendant in a case entitled *Gene Collins v. Laborers International Union of North America, Local 872, et al.*, United States District Court, District of Nevada, Case No. 11-cv-00524-LDG-CWH, filed an objection. While it claims to be a "creditor", it has not filed a proof of claim. Lacking a claim, it has no standing in this bankruptcy case. To establish its standing, a party must make the requisite showing under both **constitutional standing** requirements and prudential standing principles. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004).

> To satisfy constitutional standing requirements, a party must establish (i) an injury-in-fact; (ii) caused by, or fairly traceable to, the defendant's allegedly unlawful conduct; and (iii) which will likely be redressed by requested relief. *Ariz. Christian Sch. Tuition Org. v. Winn*, —— U.S. ——, 131 S.Ct. 1436, 1442, 179 L.Ed.2d 523 (2011); *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273–74, 128 S.Ct. 2531, 171 L.Ed.2d 424 (2008).
>
> \*\*\*
>
> *2. Prudential Standing*
>
> 78 Constitutional standing is a minimum requirement; there are several additional judicially-created restrictions on federal court access generally referred to as prudential limitations on standing. *Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1108 (9th Cir.2003). Relevant here is the prudential standing requirement that a party may seek redress only for those rights it is given under law. *Newdow*, 542 U.S. at 11–12, 124 S.Ct. 2301. A party satisfies this prudential standing requirement when it asserts its own legal rights and interests, and not the legal rights of others. *Sprint*, 554 U.S. at 290, 128 S.Ct. 2531; *Warth*, 422 U.S. at 499, 95 S.Ct. 2197.

*In re Stanley*, 514 B.R. 27, 34–35 (Bankr. D. Nev. 2012).

As a party without a timely filed proof of claim, Laborers Local 872 lacks standing to object to an administrative expense. This is particularly obvious because the expense is being incurred to litigate the Bankruptcy Estate's claim against Laborers Local 872.

/ / / / /

/ / / / /

3

B.  **The Laborers Joint Trust Funds are Violating Their Fiduciary Duty**

The Laborers Joint Trust Funds are not the Laborers Local 872 union. ERISA requires that unions and employee benefit trust funds be kept separate. *NLRB v. Amax Coal Co.*, 453 U.S. 322, 324-9, 101 S.Ct. 2789 (1981).

The collection of a large damage award from the Laborers Local 872 union would benefit the trust funds as a creditor and benefit the trust funds beneficiaries. Opposing the costs necessary to proceed with litigating that claim appears to be contrary to the interests of the beneficiaries Laborers Joint Trust Funds.

C.  **Business Judgment**

The litigation started in 2011. This bankruptcy case was filed in 2013. This bankruptcy case was converted to Chapter 7 in 2014. [ECF 118]. The Court approved Trustee Dotan Melech's application for the employment of Special Counsel to pursue the litigation against Laborers Local 872 union in 2016. [ECF 183]. Lenard Schwartzer was appointed successor trustee in 2016. [ECF 220]. In 2018, new special counsel was employed on a continent fee basis with the Bankruptcy Estate being responsible for out of pocket costs. [ECF 263]. The trustee filed a Status Report with the Court in October, 2018 [ECF 263].

The Trustee has, as had the former trustee, determined to pursue the litigation against Laborers Local 872 and, for that purpose has expended time and funds. In this case, the Bankruptcy Estate has counsel which has been employed on a contingent fee basis. This litigation has gone on for years. All that effort has resulted in an order that the claim against Laborers Local 872 be arbitrated. It makes no sense, after all this time and effort, to walk away from the claim because of the out of pocket expenses of arbitration.

The Trustee, in the exercise of his business judgment, has determined that the claim should be prosecuted.

/ / / / /

/ / / / /

4

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order

1. allowing the payment of an administrative expense claim to the U.S. District Court appointed arbitrator DENNIS KIST in the amount of $7,500.00 *nunc pro tunc*; and

2. for such other relief as is appropriate.

Dated: March 21, 2019

_____
LENARD E. SCHWARTZER, Trustee