Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@houmandlaw.com
Kyle J. Ortiz, Esq. (NV Bar No. 14252)
Email: kortiz@houmandlaw.com
HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:    702/720-3370
Facsimile:    702/720-3371

*General Bankruptcy Counsel for Lenard Schwartzer, Chapter 7 Trustee*

*Electronically Filed On: July 11, 2019*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SIX STAR CLEANING AND CARPET SERVICES, Inc.,<br><br>Debtor. | Case No.  BK-S-13-18735-MKN<br>Chapter 7<br><br>**EX PARTE APPLICATION TO EMPLOY FLANGAS LAW FIRM, LTD. AS SPECIAL LITIGATION COUNSEL FOR LENARD E. SCHWARTZER, CHAPTER 7 TRUSTEE, PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014**<br><br>Date of Hearing:    N/A<br>Time of Hearing:    N/A<br><br>Judge: Honorable Mike K. Nakagawa[1] |

Lenard Schwartzer, the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case (the "Trustee"), by and through her counsel of record, Jacob L. Houmand, Esq. and Kyle J. Ortiz, Esq. of the Houmand Law Firm, Ltd., hereby submits this *Ex Parte Application to Employ Flangas Law Firm, Ltd. As Special Litigation Counsel for Lenard Schwartzer, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy*

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

-1-

*Procedure 2014* (the "Application").[2]

This Application is filed pursuant to 11 U.S.C. §§ 327 and 328 and Federal Rule of Bankruptcy Procedure 2014. The Application is based on the following Memorandum of Points and Authorities, the *Declaration of Lenard Schwartzer In Support of Ex Parte Application to Employ Flangas Law Firm, Ltd. As Special Litigation Counsel for Lenard Schwartzer, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* (the "Trustee Declaration"), the *Declaration of Yvette Chevalier, Esq. In Support of Ex Parte Application to Employ Flangas Law Firm, Ltd. As Special Litigation Counsel for Lenard Schwartzer, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* (the "Chevalier Declaration"), and the *Declaration of Leo Flangas, Esq. In Support of Ex Parte Application to Employ Flangas Law Firm, Ltd. As Special Litigation Counsel for Lenard Schwartzer, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* (the "Flangas Declaration"), all of which are filed separately and concurrently with this Court pursuant to Local Rule 9014(c)(2). The Application is also based on the pleadings and papers on file herein, and any argument that may be entertained at a hearing on the Application.[3] A true and correct copy of the proposed order granting the relief requested in this Application is attached hereto as **Exhibit "1"**.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

THE COMMENCEMENT OF LITIGATION AGAINST LABOR UNION

1. On April 8, 2011, Six Star Cleaning and Carpet Services, Inc. (the "Debtor"), and five other plaintiffs, commenced litigation against the Laborers International Union of North

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

[3] The Trustee also requests that the Court take judicial notice of all pleadings filed in the above-referenced bankruptcy case, including adversary proceedings, pursuant to Rule of Evidence 201, incorporated by reference by FRBP 9017.

-2-

America Local No. 872, Laborers International Union of North America Local No. 702, and Tommy White (collectively, the "Union") captioned *Six Star Cleaning and Carpet Services, Inc. et al. v. Laborers International Union of North America Local No. 872 et al.* (Case No. 2:11-cv-00524-LDG-CWH) in the United States District Court for the District of Nevada (the "District Court Action"). *See* Trustee Declaration.

2. The Debtor alleged the following claims for relief against the Union: (1) discrimination; (2) alter ego; (3) breach of contract; (4) conversion; (5) fraudulent and intentional misrepresentation; (6) fraud in the inducement; (7) intentional interference with present and future contractual relations; (8) declaratory and injunctive relief – defamation; (9) defamation and defamation per se; (10) intentional infliction of emotional distress; (11) negligent infliction of emotional distress; and (12) harassment. *See* Trustee Declaration.

**THE DEBTOR'S BANKRUPTCY FILING**

3. On October 14, 2013, the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code [ECF No. 1][4]. *See* Trustee Declaration.

4. On September 4, 2014, the Debtor's Chapter 11 case was converted to Chapter 7 [ECF No. 118]. *See* Trustee Declaration.

5. On September 4, 2014, Dotan Y. Melech ("Trustee Melech") was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 120]. *See* Trustee Declaration.

6. On March 26, 2015, the Court in the District Court Action ordered that some of the claims asserted by the Debtor against the Union are covered by an arbitration agreement and should proceed in arbitration. *See* Trustee Declaration.

7. Shortly after the Court in the District Court Action ordered that some of the claims asserted by the Debtor against the Union should proceed to arbitration, the principal of the Debtor employed the law firm of Wimberly, Lawson & Avakian ("WLA") to advise her of the impact of the ruling and the strength of the claims asserted against the Union. *See* Trustee Declaration.

. . .

---

[4] All references to "ECF No." are to the numbers assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the clerk of the court.

-3-

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

8. On March 1, 2016, Trustee Melech filed an *Ex Parte Application to Employ Wimberly, Lawson & Avakian As Special Litigation Counsel for Dotan Y. Melech, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 179], which sought authority to employ WLA to represent the Debtor's bankruptcy estate in the District Court Action. *See* Trustee Declaration.

9. On March 1, 2016, the Court entered an *Order Granting Ex Parte Application to Employ Wimberly, Lawson & Avakian As Special Litigation Counsel for Dotan Y. Melech, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 183]. *See* Trustee Declaration.

10. On August 23, 2016, the Trustee was appointed as successor trustee in the Debtor's bankruptcy case. *See* Trustee Declaration.

11. On August 22, 2018, WLA filed a *Motion to Withdraw* in the District Court Action due to Michael Avakian, Esq. obtaining new employment. *See* Trustee Declaration.

12. On August 24, 2018, the court in the District Court Action entered an *Order* granting the *Motion to Withdraw* filed by WLA. *See* Trustee Declaration.

13. Following the withdrawal of WLA from the District Court Action, the Trustee discussed the merits of the District Court Action with the Law Office of Yvette Chevalier, PLLC (the "Chevalier Firm"). *See* Trustee Declaration.

14. On October 15, 2018, the Trustee filed an *Ex Parte Application to Employ Law Office of Yvette Chevalier, PLLC As Special Litigation Counsel for Lenard E. Schwartzer, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 264] that sought to employ the Chevalier Firm on a contingency fee basis to represent the Trustee in the District Court Action and any related arbitration. *See* Trustee Declaration.

15. Specifically, the Chevalier Firm would be entitled to a contingency fee award equal to thirty percent (30%) of any amount recovered from the District Court Action and any related arbitration, plus reimbursement of actual costs. *See* Trustee Declaration.

. . .

16. On October 15, 2018, the Court entered an *Order Granting Ex Parte Application to Employ Law Office of Yvette Chevalier, PLLC As Special Litigation Counsel for Lenard E. Schwartzer, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 268]. *See* Trustee Declaration.

17. The Court in the District Court Action recently entered an order requiring all portions of the dispute to be resolved through binding arbitration.

18. Due to the complexity of the legal dispute, the Trustee desires to employ the Flangas Law Firm, Ltd. (the "Flangas Firm") on a contingency fee basis to serve as co-counsel with the Chevalier Firm.

19. The Flangas Firm has several attorneys that can work on the litigation related to the District Court Action and related arbitration.

20. The proposed terms of the employment of the Flangas Firm are as follows: (a) the Flangas Firm will be entitled to a contingency fee equal to forty percent (40%) of any amount recovered from the District Court Action or related arbitration (the "Contingency Fee"); and (b) the Flangas Firm will be entitled to reimbursement of the costs that it advances in the litigation related to the District Court Action.

21. A true and correct copy of the proposed retainer agreement between the Trustee and the Flangas Firm is attached as **Exhibit "1"** to the Flangas Declaration.

22. The employment of the Flangas Firm will result in the contingency fee paid by the Debtor's bankruptcy estate increasing from thirty percent (30%) to forty percent (40%), which is a common contingency fee charged by law firms in similar litigations.

23. The Contingency Fee paid by the Debtor's bankruptcy estate shall be divided as follows: (a) the Flangas Firm shall be entitled to thirty percent (30%) of the gross amount recovered from the District Court Action; and (b) the Chevalier Firm shall be entitled to ten percent (10%) of the gross amount recovered from the District Court Action.

24. The Flangas Firm has agreed to not withdraw from the representation of the Trustee until the District Court Action and related arbitration have been concluded.

. . .

25. The Trustee believes that the terms of the proposed employment of the Flangas Firm is in the best interests of creditors given the Firm's familiarity with labor law, civil litigation, and the District Court Action. *See* Trustee Declaration.

## II.  JURISDICTION AND VENUE

26. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The statutory basis for the relief sought are Sections 327, 328, 1104 and 1106 of the Bankruptcy Code and FRBP 2014. Venue of Debtor's Chapter 7 case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.  THE FLANGAS FIRM

27. The Flangas Firm is well suited for the type of representation required by the Trustee. The Flangas Firm has experience in litigation and labor law. Accordingly, the Trustee has determined that the Flangas Firm has the resources and experience necessary to represent his interests in prosecuting the claims alleged in the District Court Action and any related arbitration.

28. The attorneys of the Flangas Firm that will render services in relation to the Trustee are familiar with the underlying litigation.

29. The Trustee desires to employ the Flangas Firm as special litigation counsel to pursue any and all claims alleged in the District Court Action.

30. The Trustee has selected the Flangas Firm because its attorneys have experience in matters of this character and will be able to competently represent the Trustee's interests in the District Court Action and any related arbitration.

31. Following the Trustee's request that the Flangas Firm represent him in this case as special litigation counsel, a conflicts check was undertaken, utilizing the Flangas Firm's client list. Based upon the conflicts check the Flangas Firm and its associates are "disinterested persons" as defined by 11 U.S.C. § 101 and do not hold or represent any interest adverse to the bankruptcy estate.

32. The conclusion that the Flangas Firm is a "disinterested" person within the meaning of 11 U.S.C. § 101(14) for purposes of 11 U.S.C. § 327(e) is based upon the fact neither the Flangas Firm nor any of its attorneys:

      (a)    Are or were a creditor, equity security holder, or insider of the Debtor except as stated herein;

      (b)    Are or were, within two (2) years before the date of the filing the bankruptcy petition, a director, officer or employee of Debtor as specified in subparagraph (c) of Section 101(14) except as stated herein;

      (c)    Hold, or have ever held, an interest materially adverse to the interest of the estate or of any class of creditors, equity holders, or parties in interest, by reason of any direct or indirect relationship to, or interest in, the Debtor or for any other reason except as stated herein;

      (d)    Represent, or have ever represented, the Debtor, insiders of the Debtor, creditors of the Debtor, any other party in interest, or their respective attorneys and accountants except as set forth herein; and

      (e)    Is a relative or employee of the U.S. Trustee or a Bankruptcy Judge except as stated herein.

33. In addition to representing the Debtor's bankruptcy estate, the Flangas Firm will also serve as counsel for four other plaintiffs in the District Court Action: (a) Gene Collins, an individual; (b) Southern Nevada Flaggers & Barricades; (c) Yolanda Wood d/b/a Step By Step Cleaning Service; and (d) Floppy Mop, Inc. (collectively, the "<u>Non-Debtor Plaintiffs</u>").

34. The Flangas Firm represents no interest that is adverse to the Trustee, to the Debtor's estate, any creditor, any party in interest, the U.S. Trustee, or any attorney or accountant employed by the foregoing, in matters upon which it will be engaged as counsel.

35. Except as set forth herein, neither the Flangas Firm nor any of its attorneys have any connection with the Debtor, the creditors, any other parties in interest, their respective attorneys and accountants, the Office of the United States Trustee, or any person employed in the Office of the United States Trustee and that the Firm and each of its attorneys are all disinterested persons pursuant to 11 U.S.C. § 101(14).

36. The Trustee submits that the Flangas Firm is a disinterested person within the meaning of Section 101(14) for purposes of Section 327(e), as it pertains to representing the Trustee as special litigation counsel in the Debtor's bankruptcy case.

37. Accordingly, the Trustee submits that the Flangas Firm is a disinterested person within the meaning of 11 U.S.C. § 101(14) for purposes of 11 U.S.C. § 327(e), as it pertains to representing the Trustee as general bankruptcy counsel in the Debtor's Bankruptcy.

## IV.    COMPENSATION

38. Subject to Court approval, in accordance with 11 U.S.C. § 330, the Trustee seeks to retain the Flangas Firm on a contingency fee basis. Specifically, the Flangas Firm shall be entitled to a contingency fee award equal to forty percent (40%) of any gross recovery from the District Court Action or related arbitration and reimbursement of actual costs.

39. The Contingency Fee paid by the Debtor's bankruptcy estate shall be divided as follows: (a) the Firm shall be entitled to thirty percent (30%) of the gross amount recovered from the District Court Action; and (b) the Chevalier Firm shall be entitled to ten percent (10%) of the gross amount recovered from the District Court Action.

40. Except as set forth herein, no promises have been received by the Flangas Firm or any attorney of the Flangas Firm, as to payment or compensation in connection with the above-referenced bankruptcy case in accordance with the provisions of the Bankruptcy Code, the FRBP, the Local Rules, and orders of the Court.

41. Except as set forth herein, the Flangas Firm has no agreement with any other entity to share with such entity any compensation received by the Firm, except as permitted under Section 504(b)(1).

42. This Application was submitted to the United States Trustee prior to the filing of the same.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

-8-

### V. CONCLUSION

WHEREFORE, the Trustee respectfully requests that he be authorized to employ the Flangas Firm as special litigation counsel, to represent the Trustee in the District Court Action and any related arbitration upon the terms set forth in this Application with payment of all fees and costs by the estate subject to notice and hearing and approval of this Court and for such other and further relief as is just and proper.

Dated this 11th day of July, 2019.

**HOUMAND LAW FIRM, LTD.**

By: */s/ Jacob L. Houmand*
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Kyle J. Ortiz, Esq. (NV Bar No. 14252)
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:   702/720-3370
Facsimile:    702/720-3371

*General Bankruptcy Counsel for Lenard Schwartzer, Chapter 7 Trustee*

-9-