Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@houmandlaw.com
Kyle J. Ortiz, Esq. (NV Bar No. 14252)
Email: kortiz@houmandlaw.com
HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Electronically Filed On: July 11, 2019*

*General Bankruptcy Counsel for Lenard Schwartzer, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>SIX STAR CLEANING AND CARPET SERVICES, Inc.,<br><br>    Debtor. | Case No. BK-S-13-18735-MKN<br>Chapter 7<br><br>**DECLARATION OF LEO FLANGAS, ESQ IN SUPPORT OF EX PARTE APPLICATION TO EMPLOY FLANGAS LAW FIRM, LTD. AS SPECIAL LITIGATION COUNSEL FOR LENARD E. SCHWARTZER, CHAPTER 7 TRUSTEE, PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014**<br><br>Date of Hearing:    N/A<br>Time of Hearing:    N/A<br><br>Judge: Honorable Mike K. Nakagawa |

I, Leo Flangas, Esq., hereby declare as follows:

1.    I am over the age of 18 and mentally competent. Except where stated on information and belief, I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so. I make this declaration to support the *Ex Parte Application to Employ Flangas Law Firm, Ltd. As Special Litigation Counsel for Lenard Schwartzer, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* (the "Application").[1]

. . .

---

[1] Unless otherwise provided herein, all defined terms shall have the same meaning ascribed to them in the Application.

-1-

2. I am an attorney licensed to practice law in the State of Nevada. I am the principal of Flangas Law Firm, Ltd. (alternatively, the "Flangas Firm" or "Firm").

3. This Declaration is made pursuant to 11 U.S.C. § 329 and Federal Rule of Bankruptcy Procedure 2014(b) and is to support the Application.

4. The Firm is well suited for the type of representation required by the Trustee. The Firm has extensive experience in commercial litigation and labor law. Accordingly, the Trustee has determined that the Firm has the resources and experience necessary to represent his interests in the District Court Action and the related arbitration.

5. The attorneys of the Firm that will render services in relation to the District Court Action are familiar with the underlying litigation.

6. The Trustee desires to employ the Firm as special litigation counsel to prosecute any and all claims related to the District Court Action.

7. The Trustee has selected the Firm because its attorneys have experience in matters of this character and will be able to competently represent the Trustee's interests in the District Court Action.

8. Following the Trustee's request that the Firm represent him in this case as special litigation counsel, a conflicts check was undertaken, utilizing the Firm's client list. Based upon the conflicts check the Firm and its associates are "disinterested persons" as defined by 11 U.S.C. § 101 and do not hold or represent any interest adverse to the bankruptcy estate.

9. The conclusion that the Firm is a "disinterested" person within the meaning of 11 U.S.C. § 101(14) for purposes of 11 U.S.C. § 327(e) is based upon the fact neither the Firm nor any of its attorneys:

    (a) Are or were a creditor, equity security holder, or insider of the Debtor except as stated herein;

    (b) Are or were, within two (2) years before the date of the filing the bankruptcy petition, a director, officer or employee of Debtor as specified in subparagraph (c) of Section 101(14) except as stated herein;

(c) Hold, or have ever held, an interest materially adverse to the interest of the estate or of any class of creditors, equity holders, or parties in interest, by reason of any direct or indirect relationship to, or interest in, the Debtor or for any other reason except as stated herein;

(d) Represent, or have ever represented, the Debtor, insiders of the Debtor, creditors of the Debtor, any other party in interest, or their respective attorneys and accountants except as set forth herein; and

(e) Is a relative or employee of the U.S. Trustee or a Bankruptcy Judge except as stated herein.

10. In addition to representing the Debtor's bankruptcy estate, the Firm will also serve as counsel for four other plaintiffs in the District Court Action: (a) Gene Collins, an individual; (b) Southern Nevada Flaggers & Barricades; (c) Yolanda Wood d/b/a Step By Step Cleaning Service; and (d) Floppy Mop, Inc. (collectively, the "Non-Debtor Plaintiffs").

11. To the best of my knowledge and belief, the Firm represents no interest that is adverse to the Trustee, to the Debtor's estate, any creditor, any party in interest, the U.S. Trustee, or any attorney or accountant employed by the foregoing, in matters upon which it will be engaged as counsel.

12. To the best of my knowledge and belief, the Firm is a disinterested person within the meaning of Section 101(14) for purposes of Section 327(e), as it pertains to representing the Trustee as special litigation counsel in the Debtor's bankruptcy case.

13. Except as set forth herein, to the best of my information and belief, neither the Firm nor any of its attorneys has any connection with the Debtor, the creditors, any other parties in interest, their respective attorneys and accountants, the Office of the United States Trustee, or any person employed in the Office of the United States Trustee and that the Firm and each of its attorneys are all disinterested persons pursuant to 11 U.S.C. § 101(14).

14. The Firm represents no interest that is adverse to the Trustee, to the Debtor's estate, any creditor, any party in interest, the U.S. Trustee, or any attorney or accountant employed by the foregoing, in matters upon which it will be engaged as counsel.

15. Subject to Court approval, in accordance with 11 U.S.C. § 330, the Trustee seeks to retain the Firm on a contingency fee basis. Specifically, the Firm shall be entitled to a contingency fee award equal to forty percent (40%) of any gross recovery in the District Court Action and any related arbitration as well as reimbursement of expenses. A true and correct copy of the proposed retainer agreement between the Trustee and the Firm is attached hereto as **Exhibit "1"**.

16. The Contingency Fee paid by the Debtor's bankruptcy estate shall be divided as follows: (a) the Firm shall be entitled to thirty percent (30%) of the gross amount recovered from the District Court Action; and (b) the Chevalier Firm shall be entitled to ten percent (10%) of the gross amount recovered from the District Court Action.

17. The Firm has agreed to not withdraw from the representation of the Trustee until the District Court Action and related arbitration have been concluded.

18. Except as set forth herein, no promises have been received by the Firm or any attorney of the Firm, as to payment or compensation for the above-referenced bankruptcy case in accordance with the provisions of the Bankruptcy Code, the FRBP, the Local Rules, and orders of the Court.

19. Except as set forth herein, the Firm has no agreement with any other entity to share with such entity any compensation received by the Firm, except as permitted under Section 504(b)(1).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 14th day of June, 2019.

Leo Flangas, Esq.