Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@houmandlaw.com
Kyle J. Ortiz, Esq. (NV Bar No. 14252)
Email: kortiz@houmandlaw.com
HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Electronically Filed On: July 11, 2019*

*General Bankruptcy Counsel for Lenard Schwartzer, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SIX STAR CLEANING AND CARPET SERVICES, Inc.,<br><br>Debtor. | Case No. BK-S-13-18735-MKN<br>Chapter 7<br><br>**DECLARATION OF LENARD E. SCHWARTZER IN SUPPORT OF EX PARTE APPLICATION TO EMPLOY FLANGAS LAW FIRM, LTD. AS SPECIAL LITIGATION COUNSEL FOR LENARD E. SCHWARTZER, CHAPTER 7 TRUSTEE, PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014**<br><br>Date of Hearing:   N/A<br>Time of Hearing:   N/A<br><br>Judge: Honorable Mike K. Nakagawa |

I, Lenard Schwartzer, declare as follows:

1. I am over the age of 18 years and I am competent to make this declaration. I have personal knowledge of the facts set forth herein, except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true.

2. If called as a witness, I could and would testify as to the matters set forth below based upon my personal knowledge.

3. I am the appointed Chapter 7 Trustee in the above-captioned bankruptcy case.

4. I make this declaration to support the *Ex Parte Application to Employ Flangas Law Firm, Ltd. As Special Litigation Counsel for Lenard Schwartzer, Chapter 7 Trustee,*

-1-

*Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* (the "Application").[1]

### THE COMMENCEMENT OF LITIGATION AGAINST LABOR UNION

5.      On April 8, 2011, Six Star Cleaning and Carpet Services, Inc. (the "Debtor"), and five other plaintiffs, commenced litigation against the Laborers International Union of North America Local No. 872, Laborers International Union of North America Local No. 702, and Tommy White (collectively, the "Union") captioned *Six Star Cleaning and Carpet Services, Inc. et al. v.* Laborers International Union of North America Local No. 872 et al. (Case No. 2:11-cv-00524-LDG-CWH) in the United States District Court for the District of Nevada (the "District Court Action").

6.      The Debtor alleged the following claims for relief against the Union: (1) discrimination; (2) alter ego; (3) breach of contract; (4) conversion; (5) fraudulent and intentional misrepresentation; (6) fraud in the inducement; (7) intentional interference with present and future contractual relations; (8) declaratory and injunctive relief – defamation; (9) defamation and defamation per se; (10) intentional infliction of emotional distress; (11) negligent infliction of emotional distress; and (12) harassment.

### THE DEBTOR'S BANKRUPTCY FILING

7.      On October 14, 2013, the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code [ECF No. 1][2].

8.      On September 4, 2014, the Debtor's Chapter 11 case was converted to Chapter 7 [ECF No. 118].

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules". Unless otherwise provided herein, all defined terms shall have the same meaning ascribed to them in the Application.

[2] All references to "ECF No." are to the numbers assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the clerk of the court.

-2-

9. On September 4, 2014, Dotan Y. Melech ("Trustee Melech") was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 120].

10. On March 26, 2015, the Court in the District Court Action ordered that some of the claims asserted by the Debtor against the Union are covered by an arbitration agreement and should proceed in arbitration.

11. Shortly after the Court in the District Court Action ordered that some of the claims asserted by the Debtor against the Union should proceed to arbitration, the principal of the Debtor employed the law firm of Wimberly, Lawson & Avakian ("WLA") to advise her of the impact of the ruling and the strength of the claims asserted against the Union.

12. On March 1, 2016, Trustee Melech filed an *Ex Parte Application to Employ Wimberly, Lawson & Avakian As Special Litigation Counsel for Dotan Y. Melech, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 179], which sought authority to employ WLA to represent the Debtor's bankruptcy estate in the District Court Action.

13. On March 1, 2016, the Court entered an *Order Granting Ex Parte Application to Employ Wimberly, Lawson & Avakian As Special Litigation Counsel for Dotan Y. Melech, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 183].

14. On August 23, 2016, I was appointed as successor trustee in the Debtor's bankruptcy case.

15. On August 22, 2018, WLA filed a *Motion to Withdraw* in the District Court Action due to Michael Avakian, Esq. obtaining new employment.

16. On August 24, 2018, the court in the District Court Action entered an *Order* granting the *Motion to Withdraw* filed by WLA.

17. Following the withdrawal of WLA from the District Court Action, my bankruptcy counsel discussed the merits of the District Court Action with the Law Office of Yvette Chevalier, PLLC (the "Chevalier Firm").

. . .

-3-

18. On October 15, 2018, the Trustee filed an *Ex Parte Application to Employ Law Office of Yvette Chevalier, PLLC As Special Litigation Counsel for Lenard E. Schwartzer, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 264] that sought to employ the Chevalier Firm on a contingency fee basis to represent the Trustee in the District Court Action and any related arbitration.

19. Specifically, the Chevalier Firm would be entitled to a contingency fee award equal to thirty percent (30%) of any amount recovered from the District Court Action and any related arbitration, plus reimbursement of actual costs.

20. On October 15, 2018, the Court entered an *Order Granting Ex Parte Application to Employ Law Office of Yvette Chevalier, PLLC As Special Litigation Counsel for Lenard E. Schwartzer, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 268].

21. The Court in the District Court Action recently entered an order requiring all portions of the dispute to be resolved through binding arbitration.

22. Due to the complexity of the legal dispute, I desire to employ the Flangas Law Firm, Ltd. (the "Flangas Firm") on a contingency fee basis to serve as co-counsel with the Chevalier Firm

23. The Flangas Firm has several attorneys that can work on the litigation related to the District Court Action and related arbitration.

24. The proposed terms of the employment of the Flangas Firm are as follows: (a) the Flangas Firm will be entitled to a contingency fee equal to forty percent (40%) of any amount recovered from the District Court Action or related arbitration (the "Contingency Fee"); and (b) the Flangas Firm will be entitled to reimbursement of the costs that it advances in the litigation related to the District Court Action.

25. A true and correct copy of the proposed retainer agreement between myself and the Flangas Firm is attached as **Exhibit "1"** to the Flangas Declaration.

. . .

. . .

-4-

26. The employment of the Flangas Firm will result in the contingency fee paid by the Debtor's bankruptcy estate increasing from thirty percent (30%) to forty percent (40%), which is a common contingency fee charged by law firms in similar litigations.

27. The Contingency Fee paid by the Debtor's bankruptcy estate shall be divided as follows: (a) the Firm shall be entitled to thirty percent (30%) of the gross amount recovered from the District Court Action; and (b) the Chevalier Firm shall be entitled to ten percent (10%) of the gross amount recovered from the District Court Action.

28. The Flangas Firm has agreed to continue representing me until the District Court Action and related arbitration have been concluded.

29. The Flangas Firm is well suited for the type of representation that I require.

30. The Flangas Firm specializes in litigation and has experience with labor law and civil litigation.

31. Accordingly, I have determined that the Flangas Firm has the resources and experience necessary to represent my interests in the claims asserted in the District Court Action and any related arbitration.

32. The attorneys of the Flangas Firm that will render services in relation to the District Court Action and related arbitration are familiar with applicable state law and the claims asserted by the Debtor.

33. I have selected the Flangas Firm because its attorneys have experience in matters of this character and will be able to competently represent my interests in the District Court Action and related arbitration.

34. In addition to representing the Debtor's bankruptcy estate, the Flangas Firm will also serve as counsel for four other plaintiffs in the District Court Action: (a) Gene Collins, an individual; (b) Southern Nevada Flaggers & Barricades; (c) Yolanda Wood d/b/a Step By Step Cleaning Service; and (d) Floppy Mop, Inc. (collectively, the "Non-Debtor Plaintiffs").

. . .

. . .

. . .

35. Accordingly, I believe that the terms of the proposed employment of the Flangas Firm is in the best interests of creditors given the Flangas Firm's expertise in labor law and its familiarity with the District Court Action and related arbitration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 9th day of July, 2019.

_____
Lenard Schwartzer, Chapter 7 Trustee