1  Jacob L. Houmand, Esq. (NV Bar No. 12781)
   Email: jhoumand@houmandlaw.com
2  Bradley G. Sims, Esq. (NV Bar No. 11713)
   Email: bsims@houmandlaw.com
3  HOUMAND LAW FIRM, LTD.
   9205 West Russell Road, Building 3, Suite 240
4  Las Vegas, NV 89148
   Telephone:    702/720-3370
5  Facsimile:    702/720-3371

*Electronically Filed On: May 6, 2021*

6  *General Bankruptcy Counsel for Lenard Schwartzer, Chapter 7 Trustee*

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                          **DISTRICT OF NEVADA**

10  In re:                                Case No.  BK-S-13-18735-MKN
                                          Chapter 7
11  SIX STAR CLEANING AND CARPET
    SERVICES, Inc.,                       **APPLICATION TO EMPLOY PRAEMIA**
12                                        **LAW, PLLC AS SPECIAL LITIGATION**
              Debtor.                     **COUNSEL FOR LENARD**
13                                        **SCHWARTZER, CHAPTER 7 TRUSTEE,**
                                          **PURSUANT TO 11 U.S.C. §§ 327(e) AND**
14                                        **328(a) AND FEDERAL RULE OF**
                                          **BANKRUPTCY PROCEDURE 2014**
15

16                                        Date of Hearing:        June 9, 2021
                                          Time of Hearing:        11:00 a.m.
17                                        Place: Courtroom No. 2, Third Floor
                                                      Foley Federal Building
18                                                    300 Las Vegas Blvd., S.
                                                      Las Vegas, NV 89101
19

20                                        Judge:  Honorable Mike K. Nakagawa[1]

21        Lenard Schwartzer (the "Trustee"), the duly appointed Chapter 7 Trustee in the above-

22  captioned bankruptcy case, by and through his counsel of record, Jacob L. Houmand, Esq. and

23  Bradley G. Sims, Esq. of the Houmand Law Firm, Ltd., hereby submits this *Application to*

24  *Employ Praemia Law, PLLC As Special Litigation Counsel for Lenard Schwartzer, Chapter 7*

25  _____

26  [1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11
    U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The
27  Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of
    Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United
28  States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

                                          -1-

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

*Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* (the "Application").[2]

This Application is filed pursuant to 11 U.S.C. §§ 327 and 328 and Federal Rule of Bankruptcy Procedure 2014. The Application is based on the following Memorandum of Points and Authorities, the *Declaration of Lenard Schwartzer In Support of Application to Employ Praemia Law, PLLC As Special Litigation Counsel for Lenard Schwartzer, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* (the "Trustee Declaration"), the *Declaration of Michael E. Avakian, Esq. In Support of Application to Employ Praemia Law, PLLC As Special Litigation Counsel for Lenard Schwartzer, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* (the "Special Counsel Declaration"), all of which are filed separately and concurrently with this Court pursuant to Local Rule 9014(c)(2). The Application is also based on the pleadings and papers on file herein, and any argument that may be entertained at a hearing on the Application.[3] A true and correct copy of the proposed order granting the relief requested in this Application is attached hereto as **Exhibit "1"**.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF FACTS

**THE COMMENCEMENT OF LITIGATION AGAINST LABOR UNION**

1.    On April 8, 2011, Six Star Cleaning and Carpet Services, Inc. (the "Debtor"), and five other plaintiffs, commenced litigation against the Laborers International Union of North America Local No. 872, Laborers International Union of North America Local No. 702, and Tommy White (collectively, the "Union") captioned *Six Star Cleaning and Carpet Services, Inc.*

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

[3] The Trustee also requests that the Court take judicial notice of all pleadings filed in the above-referenced bankruptcy case, including adversary proceedings, pursuant to Rule of Evidence 201, incorporated by reference by FRBP 9017.

**HOUMAND LAW FIRM, LTD.**
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

*et al. v.* Laborers International Union of North America Local No. 872 et al. (Case No. 2:11-cv-00524-LDG-CWH)  in the United States District Court for the District of Nevada (the "District Court Action").

2.      The Debtor alleged the following claims for relief against the Union: (1) discrimination; (2) alter ego; (3) breach of contract; (4) conversion; (5) fraudulent and intentional misrepresentation; (6) fraud in the inducement; (7) intentional interference with present and future contractual relations; (8) declaratory and injunctive relief – defamation; (9) defamation and defamation per se; (10) intentional infliction of emotional distress; (11) negligent infliction of emotional distress; and (12) harassment.

**THE DEBTOR'S BANKRUPTCY FILING**

3.      On October 14, 2013, the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code [ECF No. 1][4].

4.      On September 4, 2014, the Debtor's Chapter 11 case was converted to Chapter 7 [ECF No. 118].

5.      On September 4, 2014, Dotan Y. Melech ("Trustee Melech") was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 120].

6.      On March 26, 2015, the Court in the District Court Action ordered that some of the claims asserted by the Debtor against the Union are covered by an arbitration agreement and should proceed in arbitration.

7.      Shortly after the Court in the District Court Action ordered that some of the claims asserted by the Debtor against the Union should proceed to arbitration, the principal of the Debtor employed the law firm of Wimberly, Lawson & Avakian ("WLA") to advise him of the impact of the ruling and the strength of the claims asserted against the Union.

8.      On March 1, 2016, Trustee Melech filed an *Ex Parte Application to Employ Wimberly, Lawson & Avakian As Special Litigation Counsel for Dotan Y. Melech, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure*

---

[4] All references to "ECF No." are to the numbers assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the clerk of the court.

-3-

*2014* [ECF No. 179], which sought authority to employ WLA to represent the Debtor's bankruptcy estate in the District Court Action.

9.    On March 1, 2016, the Court entered an *Order Granting Ex Parte Application to Employ Wimberly, Lawson & Avakian As Special Litigation Counsel for Dotan Y. Melech, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 183].

10.    On August 23, 2016, the Trustee was appointed as successor trustee in the Debtor's bankruptcy case.

11.    On August 22, 2018, WLA filed a *Motion to Withdraw* in the District Court Action due to Attorney Michael Avakian, Esq. ("Mr. Avakian") obtaining new employment with the Department of Labor.

12.    On August 24, 2018, the court in the District Court Action entered an *Order* granting the *Motion to Withdraw* filed by WLA.

13.    On October 15, 2018, the Trustee filed an *Ex Parte Application to Employ Law Office of Yvette Chevalier, PLLC As Special Litigation Counsel for Lenard E. Schwartzer, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 264] that sought to employ the Law Office of Yvette Chevalier, PLLC (the "Chevalier Firm") on a contingency fee basis to represent the Trustee in the District Court Action and any related arbitration.

14.    Specifically, the Chevalier Firm would be entitled to a contingency fee award equal to thirty percent (30%) of any amount recovered from the District Court Action and any related arbitration, plus reimbursement of actual costs.

15.    On October 15, 2018, the Court entered an *Order Granting Ex Parte Application to Employ Law Office of Yvette Chevalier, PLLC As Special Litigation Counsel for Lenard E. Schwartzer, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 268].

16.    The court in the District Court Action subsequently entered an order requiring all portions of the dispute to be resolved through binding arbitration.

-4-

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

17.    Due to the complexity of the legal dispute, the Trustee sought to employ the Flangas Law Firm, Ltd. (the "Flangas Firm") on a contingency fee basis to serve as co-counsel with the Chevalier Firm.

18.    On June 16, 2020, FMCS Arbitrator Dennis A. Kist issued an award.

19.    On June 23, 2020, a *Notice of Arbitrator's Ruling* was filed in the District Court Action.

20.    On September 6, 2020, the Flangas Firm filed a *Motion to Withdraw*, seeking to withdraw as counsel of record for the Trustee.

21.    On September 13, 2020, the plaintiffs in District Court Action filed a *Motion to Vacate Arbitration Award (9 U.S.C. § 10) and Memorandum of Points and Authorities* (the "Motion to Vacate") that sought to vacate an arbitration award based upon the failure of the arbitrator to disclose certain connections with the parties and their counsel.

22.    The Motion to Vacate is still pending as of the date of the filing of this Application.

23.    On September 28, 2020, the court in the District Court Action entered an *Order* granting the *Motion to Withdraw* filed by the Flangas Firm and ordered the Trustee to obtain new counsel.

24.    The Trustee desires to Employ Praemia Law, PLLC ("Praemia") as his counsel in the District Court Action. Mr. Avakian is no longer employed by the Department of Labor and is now employed by Praemia. He has agreed to represent the Trustee and the bankruptcy estate of the Debtor in the District Court Action and the Trustee believes that Mr. Avakian's familiarity with the case will be useful in representing the interests of the bankruptcy estate.

25.    The proposed terms of the employment of Praemia are as follows: (a) Praemia will be entitled to a contingency fee equal to fifty percent (50%) of any amount recovered from the District Court Action; and (b) Praemia will be entitled to reimbursement of the costs that it advances in the litigation related to the District Court Action.

26.    The proposed terms of the employment of Praemia provide that it may accept payment of expenses related to the litigation from other plaintiffs in the District Court Action.

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

27.    The Trustee believes that the terms of the proposed employment of Praemia is in the best interests of creditors given Praemia's expertise in labor disputes and their familiarity with the underlying Litigation.

## II.    JURISDICTION AND VENUE

28.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The statutory basis for the relief sought is Section 327, 1104 and 1106 of the Bankruptcy Code and FRBP 2014.   Venue of Debtor's Chapter 7 case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.    PRAEMIA

29.    Praemia is well suited for the type of representation required by the Trustee. Praemia represents management, companies, insurers, and governmental entities exclusively in all areas of labor law, employment law, and defense of claims related to general liability and commercial litigation.  Accordingly, the Trustee has determined that Praemia has the resources and experience necessary to represent his interests in the claims asserted in the District Court Action.

30.    The attorneys of Praemia that will render services in relation to the District Court Action are familiar with labor and employment law issues and the claims asserted by the Debtor.

31.    The Trustee desires to employ Praemia as special litigation counsel to pursue the claims asserted by the Debtor in the District Court Action.

32.    The Trustee has selected Praemia because its attorneys have experience in matters of this character and will be able to competently represent the Trustee's interests in the District Court Action.

33.    Following the Trustee's request that Praemia represent him in this case as special litigation counsel, a conflicts check was undertaken, utilizing Praemia client list.  Based upon the conflicts check Praemia and its associates are "disinterested persons" as defined by 11 U.S.C. § 101 and do not hold or represent any interest adverse to the bankruptcy estate.  *See* Avakian Declaration.

. . .

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

34.     The conclusion that Praemia is a "disinterested" person within the meaning of 11 U.S.C. § 101(14) for purposes of 11 U.S.C. § 327(a) is based upon the fact neither Praemia nor any of its attorneys:

(a)     Are or were a creditor, equity security holder, or insider of the Debtor except as stated herein;

(b)     Are or were, within two (2) years before the date of the filing the bankruptcy petition, a director, officer or employee of Debtor as specified in subparagraph (c) of Section 101(14) except as stated herein;

(c)     Hold, or have ever held, an interest materially adverse to the interest of the estate or of any class of creditors, equity holders, or parties in interest, by reason of any direct or indirect relationship to, or interest in, the Debtor or for any other reason except as stated herein;

(d)     Represent, or have ever represented, the Debtor, insiders of the Debtor, creditors of the Debtor, any other party in interest, or their respective attorneys and accountants except as set forth herein; and

(e)     Is a relative or employee of the U.S. Trustee or a Bankruptcy Judge except as stated herein.

35.     Except as set forth herein, to the best of my information and belief, neither the Firm nor any of its attorneys has any connection with the Debtor, the creditors, any other parties in interest, their respective attorneys and accountants, the Office of the United States Trustee, or any person employed in the Office of the United States Trustee and that the Firm and each of its attorneys are all disinterested persons pursuant to 11 U.S.C. § 101(14).

36.     Mr. Avakian was previously retained by the principal of the Debtor to advise her as to her rights and obligations relating to the claims asserted by the Debtor in the District Court Action.

37.     Mr. Avakian was also previously retained by the Trustee to represent the Debtor's bankruptcy estate in the District Court Action.

38.     Praemia represents no interest that is adverse to the Trustee, to the Debtor's estate, any creditor, any party in interest, the U.S. Trustee, or any attorney or accountant employed by

HOULAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

the foregoing, in matters upon which it will be engaged as counsel. *See* Avakian Declaration.

39.    Accordingly, the Trustee submits that Praemia is a disinterested person within the meaning of 11 U.S.C. § 101(14) for purposes of 11 U.S.C. § 327(a), as it pertains to representing the Trustee as general bankruptcy counsel in the Debtor's Bankruptcy.

### IV.    <u>COMPENSATION</u>

40.    Subject to Court approval, in accordance with 11 U.S.C. § 330, the Trustee seeks to retain Praemia on a contingency fee basis. Specifically, the Retention Agreement provided that Praemia would be entitled to a recovery equal to fifty percent (50%) of the total gross recovery of money from the District Court Action. *See* Avakian Declaration.

41.    The proposed terms of the employment of Praemia provide that it may accept payment of expenses related to the litigation from other plaintiffs in the District Court Action.

42.    Except as stated herein, no promises have been received by Praemia or any attorney of Praemia, as to payment or compensation in connection with the above-referenced bankruptcy case in accordance with the provisions of the Bankruptcy Code, the FRBP, the Local Rules, and orders of the Court.  Praemia has no agreement with any other entity to share with such entity any compensation received by the Firm, except as permitted under Section 504(b)(1). *See* Avakian Declaration.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

**HOUMAND LAW FIRM, LTD.**
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

V.    <u>CONCLUSION</u>

WHEREFORE, the Trustee respectfully requests that she be authorized to employ Praemia as special litigation counsel, to represent the Trustee in this bankruptcy proceeding upon the terms set forth in this Application with payment of all fees and costs by the estate subject to notice and hearing and approval of this Court and for such other and further relief as is just and proper.

Dated this 6th day of May, 2021.

HOUMAND LAW FIRM, LTD.


By:  */s/ Jacob L. Houmand*
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Bradley G. Sims, Esq. (NV Bar No. 11713)
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:    702/720-3370
Facsimile:     702/720-3371

*General Bankruptcy Counsel for Lenard Schwartzer, Chapter 7 Trustee*