Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@houmandlaw.com
Kyle J. Ortiz, Esq. (NV Bar No. 14252)
Email: kortiz@houmandlaw.com
HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:   702/720-3370
Facsimile:   702/720-3371

*Electronically Filed On: May 6, 2021*

*General Bankruptcy Counsel for Lenard Schwartzer, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SIX STAR CLEANING AND CARPET SERVICES, Inc.,<br><br>Debtor. | Case No. BK-S-13-18735-MKN<br>Chapter 7<br><br>**DECLARATION OF MICHAEL E. AVAKIAN, ESQ. IN SUPPORT OF APPLICATION TO EMPLOY PRAEMIA LAW, PLLC AS SPECIAL LITIGATION COUNSEL FOR LENARD SCHWARTZER, CHAPTER 7 TRUSTEE, PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014**<br><br>Date of Hearing:   June 9, 2021<br>Time of Hearing:   11:00 a.m.<br>Place: Courtroom No. 2, Third Floor<br>            Foley Federal Building<br>            300 Las Vegas Blvd., S.<br>            Las Vegas, NV 89101<br><br>Judge: Honorable Mike K. Nakagawa |

I, Michael E. Avakian, Esq., hereby declare as follows

1.   I am over the age of 18 and mentally competent. Except where stated on information and belief, I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so.

2.   I make this declaration to support the *Application to Employ Praemia Law, PLLC As Special Litigation Counsel for Lenard Schwartzer, Chapter 7 Trustee, Pursuant to 11 U.S.C.*

-1-

§§ 327(e) and 328(a) and *Federal Rule of Bankruptcy Procedure 2014* (the "Application").[1]

3. I am an attorney licensed to practice law in the District of Columbia and State of Georgia. I am a partner with the law firm of Praemia Law, PLLC (the "Firm"). The Firm maintains offices at 11710 Plaza America Drive, Suite 2000, Reston, VA 20190.

4. This Declaration is made pursuant to 11 U.S.C. § 329 and Federal Rule of Bankruptcy Procedure 2014(b) and is to support the Application.

5. The Firm is well suited for the type of representation required by the Trustee. The Firm represents management, companies, insurers, and governmental entities exclusively in all areas of labor law, employment law, and defense of claims related to employment and labor law litigation. Accordingly, the Trustee has determined that the Firm has the resources and experience necessary to represent his interests in the claims asserted in the District Court Action.

6. The attorneys of the Firm are familiar with labor and employment law issues and the claims asserted by the Debtor. It will render services in relation to the District Court Action and its Order directing Arbitration of some claims of the Complaint.

7. The Trustee desires to employ the Firm as special litigation counsel to pursue the claims asserted by the Debtor in the District Court Action.

8. The Trustee has selected the Firm because its attorneys have experience in matters of this character and will be able to competently represent the Trustee's interests in the District Court Action.

9. Following the Trustee's request that the Firm represent him in this case as special litigation counsel, a conflicts check was undertaken, utilizing the Firm's client list. Based upon the conflicts check the Firm and its associates are "disinterested persons" as defined by 11 U.S.C. § 101 and do not hold or represent any interest adverse to the bankruptcy estate.

10. The conclusion that the Firm is a "disinterested" person within the meaning of 11

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

U.S.C. § 101(14) for purposes of 11 U.S.C. § 327(a) is based upon the fact neither the Firm nor any of its attorneys:

    (a) Are or were a creditor, equity security holder, or insider of the Debtor except as stated herein;

    (b) Are or were, within two (2) years before the date of the filing the bankruptcy petition, a director, officer or employee of Debtor as specified in subparagraph (c) of Section 101(14) except as stated herein;

    (c) Hold, or have ever held, an interest materially adverse to the interest of the estate or of any class of creditors, equity holders, or parties in interest, by reason of any direct or indirect relationship to, or interest in, the Debtor or for any other reason except as stated herein;

    (d) Represent, or have ever represented, the Debtor, insiders of the Debtor, creditors of the Debtor, any other party in interest, or their respective attorneys and accountants except as set forth herein; and

    (e) Is a relative or employee of the U.S. Trustee or a Bankruptcy Judge except as stated herein.

11. Except as set forth herein, to the best of my information and belief, neither the Firm nor any of its attorneys has any connection with the Debtor, the creditors, any other parties in interest, their respective attorneys and accountants, the Office of the United States Trustee, or any person employed in the Office of the United States Trustee and that the Firm and each of its attorneys are all disinterested persons pursuant to 11 U.S.C. § 101(14).

12. I was previously retained by the principal of the Debtor to advise her as to her rights and obligations relating to the claims asserted by the Debtor in the District Court Action.

13. I was also previously retained by the Trustee to represent the Debtor's bankruptcy estate in the District Court Action.

. . .

. . .

14. The principal of the Debtor has agreed to waive any and all conflicts that may arise by virtue of the Firm's representation of the Trustee as special counsel in the District Court Action.

15. Following the execution of the Waiver, I believe that the Firm is a disinterested person within the meaning of Section 101(14) for purposes of Section 327(e), as it pertains to representing the Trustee as special litigation counsel in the Debtor's bankruptcy case. *See In re Johnson*, 312 B.R. 810 (Bankr. E.D. Va. 2004) (holding that a law firm's representation of a Chapter 7 Trustee and creditor did not violate Section 327 because there was not an actual conflict of interest).

16. To the best of my knowledge, the Firm represents no interest that is adverse to the Trustee, to the Debtor's estate, any creditor, any party in interest, the U.S. Trustee, or any attorney or accountant employed by the foregoing, in matters upon which it will be engaged as counsel.

17. Subject to Court approval, in accordance with 11 U.S.C. § 330, the Trustee seeks to retain the Firm on a contingency fee basis. Specifically, the Firm shall be entitled to a contingency fee award equal to fifty percent (50%) of the total gross recovery. A true and correct copy of the Retention Agreement is attached hereto as **Exhibit "1"**.

18. The proposed terms of the employment of Praemia provide that it may accept payment of fees and expenses related to the litigation from other plaintiffs in the District Court Action.

19. Except as set forth herein, no promises have been received by the Firm or any attorney of the Firm, as to payment or compensation for the above-referenced bankruptcy case in accordance with the provisions of the Bankruptcy Code, the FRBP, the Local Rules, and orders of the Court. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm, except as permitted under Section 504(b)(1).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 5th day of May, 2021.

|   |   |
|---|---|
| 1 | |
| 2 | _____<br>Michael E. Avakian, Esq. |