Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@houmandlaw.com
Bradley G. Sims, Esq. (NV Bar No. 11713)
Email: bsims@houmandlaw.com
HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Electronically Filed On: May 6, 2021*

*General Bankruptcy Counsel for Lenard Schwartzer, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SIX STAR CLEANING AND CARPET SERVICES, Inc.,<br><br>Debtor. | Case No. BK-S-13-18735-MKN<br>Chapter 7<br><br>**DECLARATION OF LENARD SCHWARTZER IN SUPPORT OF APPLICATION TO EMPLOY PRAEMIA LAW, PLLC AS SPECIAL LITIGATION COUNSEL FOR LENARD SCHWARTZER, CHAPTER 7 TRUSTEE, PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014**<br><br>Date of Hearing:    June 9, 2021<br>Time of Hearing:    11:00 a.m.<br>Place: Courtroom No. 2, Third Floor<br>            Foley Federal Building<br>            300 Las Vegas Blvd., S.<br>            Las Vegas, NV 89101<br><br>Judge: Honorable Mike K. Nakagawa |

I, Lenard Schwartzer, declare as follows:

1.    I am over the age of 18 years and I am competent to make this declaration. I have personal knowledge of the facts set forth herein, except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true. If called as a witness, I could and would testify as to the matters set forth below based upon my personal knowledge.

2.    I am the appointed Chapter 7 Trustee in the above-captioned bankruptcy case.

. . .

-1-

3. I make this declaration to support the *Application to Employ Praemia Law, PLLC As Special Litigation Counsel for Lenard Schwartzer, Chapter 7 Trustee, Pursuant To 11 U.S.C. §§ 327(e) And 328(a) And Federal Rule of Bankruptcy Procedure 2014* (the "Application").[1]

**THE COMMENCEMENT OF LITIGATION AGAINST LABOR UNION**

4. On April 8, 2011, Six Star Cleaning and Carpet Services, Inc. (the "Debtor"), and five other plaintiffs, commenced litigation against the Laborers International Union of North America Local No. 872, Laborers International Union of North America Local No. 702, and Tommy White (collectively, the "Union") captioned Six Star Cleaning and Carpet Services, Inc. et al. v. Laborers International Union of North America Local No. 872 et al. (Case No. 2:11-cv-00524-LDG-CWH) in the United States District Court for the District of Nevada (the "District Court Action").

5. The Debtor alleged the following claims for relief against the Union: (1) discrimination; (2) alter ego; (3) breach of contract; (4) conversion; (5) fraudulent and intentional misrepresentation; (6) fraud in the inducement; (7) intentional interference with present and future contractual relations; (8) declaratory and injunctive relief – defamation; (9) defamation and defamation per se; (10) intentional infliction of emotional distress; (11) negligent infliction of emotional distress; and (12) harassment.

**THE DEBTOR'S BANKRUPTCY FILING**

6. On October 14, 2013, the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code [ECF No. 1].

7. On September 4, 2014, the Debtor's Chapter 11 case was converted to Chapter 7 [ECF No. 118].

. . .

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules". Unless otherwise provided herein, all defined terms shall have the same meaning ascribed to them in the Application.

-2-

8. On September 4, 2014, Dotan Y. Melech ("Trustee Melech") was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 120].

9. On March 26, 2015, the Court in the District Court Action ordered that some of the claims asserted by the Debtor against the Union are covered by an arbitration agreement and should proceed in arbitration.

10. Shortly after the Court in the District Court Action ordered that some of the claims asserted by the Debtor against the Union should proceed to arbitration, the principal of the Debtor employed the law firm of Wimberly, Lawson & Avakian ("WLA") to advise him of the impact of the ruling and the strength of the claims asserted against the Union.

11. On March 1, 2016, Trustee Melech filed an *Ex Parte Application to Employ Wimberly, Lawson & Avakian As Special Litigation Counsel for Dotan Y. Melech, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 179], which sought authority to employ WLA to represent the Debtor's bankruptcy estate in the District Court Action.

12. On March 1, 2016, the Court entered an *Order Granting Ex Parte Application to Employ Wimberly, Lawson & Avakian As Special Litigation Counsel for Dotan Y. Melech, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 183].

13. On August 23, 2016, I was appointed as successor trustee in the Debtor's bankruptcy case.

14. On August 22, 2018, WLA filed a *Motion to Withdraw* in the District Court Action due to Michael Avakian, Esq. ("Mr. Avakian") obtaining new employment with the Department of Labor.

15. On August 24, 2018, the court in the District Court Action entered an Order granting the *Motion to Withdraw* filed by WLA.

16. On October 15, 2018, I filed an *Ex Parte Application to Employ Law Office of Yvette Chevalier, PLLC As Special Litigation Counsel for Lenard E. Schwartzer, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure*

-3-

*2014* [ECF No. 264] that sought to employ the Law Office of Yvette Chevalier, PLLC (the "Chevalier Firm") on a contingency fee basis to represent me in the District Court Action and any related arbitration.

17. Specifically, the Chevalier Firm would be entitled to a contingency fee award equal to thirty percent (30%) of any amount recovered from the District Court Action and any related arbitration, plus reimbursement of actual costs.

18. On October 15, 2018, the Court entered an *Order Granting Ex Parte Application to Employ Law Office of Yvette Chevalier, PLLC As Special Litigation Counsel for Lenard E. Schwartzer, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 268].

19. The court in the District Court Action subsequently entered an order requiring all portions of the dispute to be resolved through binding arbitration.

20. Due to the complexity of the legal dispute, I sought to employ the Flangas Law Firm, Ltd. (the "Flangas Firm") on a contingency fee basis to serve as co-counsel with the Chevalier Firm.

21. On June 16, 2020, FMCS Arbitrator Dennis A. Kist issued an award.

22. On June 23, 2020, a *Notice of Arbitrator's Ruling* was filed in the District Court Action.

23. On September 6, 2020, the Flangas Firm filed a *Motion to Withdraw*, seeking to withdraw as my counsel of record.

24. On September 13, 2020, the plaintiffs in District Court Action filed a *Motion to Vacate Arbitration Award (9 U.S.C. § 10) and Memorandum of Points and Authorities* (the "Motion to Vacate") that sought to vacate an arbitration award based upon the failure of the arbitrator to disclose certain connections with the parties and their counsel.

25. On September 28, 2020, the court in the District Court Action entered an *Order Granting the Motion to Withdraw* filed by the Flangas Firm and ordered me to obtain new counsel.

. . .

26. I now desire to employ Praemia Law, PLLC ("Praemia") as my counsel in the District Court Action. Mr. Avakian is no longer employed by the Department of Labor and is now employed by Praemia. He has agreed to represent the bankruptcy estate of the Debtor in the District Court Action and I believe that his familiarity with the case will assist in his representation of my interests.

27. The proposed terms of the employment of Praemia are as follows: (a) Praemia will be entitled to a contingency fee equal to fifty percent (50%) of any amount recovered from the District Court Action; and (b) Praemia will be entitled to reimbursement of the costs that it advances in the litigation related to the District Court Action.

28. The proposed terms of the employment of Praemia provide that it may accept payment of expenses related to the litigation from other plaintiffs in the District Court Action.

29. I believe that the terms of the proposed employment of Praemia is in the best interests of creditors given Praemia's expertise in labor disputes and their familiarity with the underlying Litigation.

30. Accordingly, I believe that the terms of the proposed employment of Praemia is in the best interests of creditors.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this __5__ day of May, 2021.

_____
Lenard Schwartzer, Chapter 7 Trustee