Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@houmandlaw.com
Bradley G. Sims, Esq. (NV Bar No. 11713)
Email: bsims@houmandlaw.com
HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:    702/720-3370
Facsimile:    702/720-3371

*General Bankruptcy Counsel for Lenard Schwartzer, Chapter 7 Trustee*

*Electronically Filed On: June 2, 2021*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SIX STAR CLEANING AND CARPET SERVICES, Inc.,<br><br>Debtor. | Case No. BK-S-13-18735-MKN<br>Chapter 7<br><br>**REPLY TO RESPONSE TO APPLICATION TO EMPLOY PRAEMIA LAW, PLLC AS SPECIAL LITIGATION COUNSEL FOR LENARD SCHWARTZER, CHAPTER 7 TRUSTEE, PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014**<br><br>Date of Hearing:    June 9, 2021<br>Time of Hearing:   11:00 a.m.<br>Place: Courtroom No. 2, Third Floor<br>         Foley Federal Building<br>         300 Las Vegas Blvd., S.<br>         Las Vegas, NV 89101<br><br>Judge: Honorable Mike K. Nakagawa[1] |

Lenard Schwartzer (the "Trustee"), the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case, by and through his counsel of record, Jacob L. Houmand, Esq. and Bradley G. Sims, Esq. of the Houmand Law Firm, Ltd., hereby submits this *Reply to Response to Application to Employ Praemia Law, PLLC As Special Litigation Counsel for Lenard Schwartzer,*

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

-1-

*Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* (the "Reply").

The Reply is based on the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any argument that may be entertained at the hearing on the *Application to Employ Praemia Law, PLLC As Special Litigation Counsel for Lenard Schwartzer, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 313] (the "Application").[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Application seeks authorizing to employ Praemia Law, PLLC ("Praemia") as special litigation counsel for the Trustee in the litigation captioned *Six Star Cleaning and Carpet Services, Inc. et al. v. Laborers International Union of North America Local No. 872 et al.* (Case No. 2:11-cv-00524-LDG-CWH) that is pending in the United States District Court for the District of Nevada (the "District Court Action"). The defendants in the District Court Action are Laborers International Union of North America Local No. 872, Laborers International Union of North America Local No. 702, and Tommy White (collectively, the "Union").

On May 11, 2021, the Trustees of the Construction Industry and Laborers Joint Trust Funds (the "Trust Funds") filed a *Response to Application to Employ Praemia Law, PLLC As Special Litigation Counsel for Lenard Schwartzer, Chapter 7 Trustee* [ECF No. 319] (the "Response") that opposes the employment of Praemia on the basis that the contingency fee requested is "likely unreasonable" and that the Trustee should stop litigating the District Court Action because it is been pending for more than a decade. As an initial matter, the Trust Funds are affiliated with the Union. It is unsurprising that the Trust Funds would not want the Trustee to continue litigation against an affiliated entity. The contingency fee requested by Praemia is also reasonable considering the complexity of the litigation remaining in the District Court Action. If

---

[2] The Trustee also requests that the Court take judicial notice of all pleadings filed in the above-referenced bankruptcy case, including adversary proceedings, pursuant to Federal Rule of Evidence 201, incorporated by reference by FRBP 9017.

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

the District Court grants the *Motion to Vacate Arbitration Award (9 U.S.C. § 10) and Memorandum of Points and Authorities* (the "Motion to Vacate") that was filed by the Trustee then there is a possibility that the parties may need to participate in another arbitration. The prosecution of another arbitration and motion practice in the U.S. District Court involving employment law will require the assistance of special counsel. Praemia has extensive experience with employment law and has agreed to represent the Debtor's bankruptcy estate on a contingency fee basis. For these reasons, the Court should overrule the objections raised in the Response and approve the employment of Praemia.

## II.    LEGAL ARGUMENT

### A.    Praemia Is Disinterested and the Proposed Terms of Its Employment Are Reasonable

Section 327 governs the trustee's employment of attorneys and other professionals to represent or aid the trustee in carrying out his or her duties. 3 Collier on Bankruptcy ¶ 327.01 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev.2007). Section 327(e) authorizes the trustee to employ a professional for a specified purpose. Unlike Section 327(a), Section 327(e) does not require disinterestedness. *Film Ventures Int'l, Inc. v. Asher (In re Film Ventures Int'l, Inc.)*, 75 B.R. 250, 252 (9th Cir.BAP1987). Rather, Section 327(e) only requires that the employment of an attorney be in the best interest of the estate and that the attorney not represent or hold an interest adverse to the debtor or the estate with respect to the matter on which the attorney is to be employed.

Here, there is no dispute that Praemia holds no interest adverse to the Debtor's bankruptcy estate. Praemia has the expertise required to assist the Trustee as his special counsel. Because of the contingency fee arrangement, Praemia's employment will not dilute the assets of the estate, and Praemia will only be compensated in the event it successfully recovers funds for the Debtor's bankruptcy estate. Accordingly, employment is proper under Section 327(e). The court in the District Court Action has also ordered the Trustee to obtain substitute counsel following the withdrawal of his prior special counsel. The retention of Praemia will comply with this order and

Case 13-18735-mkn    Doc 320    Entered 06/02/21 17:29:19    Page 4 of 5

1  will prevent the dismissal of the District Court Action, which would only prejudice the Debtor's
2  creditors.
3       The Response does not object specifically to the employment, but rather appears to take
4  issue with the proposed contingency fee, and requests five business days to respond to any request
5  for compensation filed by Praemia.
6       If the requirements for employment under Section 327 are met, Section 328(a) governs the
7  terms of compensation. *In re Rosenblum*, No. 18-17155-MKN, 2019 WL 5874652 (Bankr. D.
8  Nev. Mar. 15, 2019). Section 328(a) specifically contemplates that the Trustee may employ a
9  professional to be compensated on a contingency basis and provides:

> (a) The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, *on an hourly basis,* on a fixed or percentage fee basis, or on a *contingent fee basis.* Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

18  11 U.S.C. § 328(a).
19       As noted by the Trust Funds, the District Court Action has been pending for almost a
20  decade and a key aspect of the litigation lies concerns the outcome of the Motion to Vacate. *See*
21  *Response To Trustees Interim Statement* [ECF No. 312]. A fifty percent (50%) contingency fee is
22  entirely reasonable under the circumstances given the work and expertise required for the District
23  Court Action and the possibility that there may not be a recovery. As such, the requested
24  contingency fee agreement meets the "any reasonable terms and conditions" standard set by
25  Section 328(a) and should be approved. Importantly, a contingency fee is in the best interests of
26  creditors because Praemia will only be compensated in the event of a successful outcome and will
27  not dilute any of the assets currently held by the Trustee. Moreover, the Trustee is only holding
28  funds in the amount of $12,486.41, which will not satisfy existing Chapter 7 administrative

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

-4-

expenses. The only possibility for a distribution to the Debtor's creditors lies in a successful outcome in the District Court Action. Accordingly, the employment of Praemia is in the best interests of creditors and should be approved.

**B.    Any Compensation In Favor of Praemia Is Subject to Court Approval Pursuant to Sections 330 and 331**

The Response includes a request that the Trust Funds have "5 business days to respond to any application to compensate Special Litigation Counsel, should the Court decide to grant the instant Application." This argument is unnecessary because the Application clearly states that any attorneys' fees and expenses in favor of Praemia will only be allowed after this Court has considered an application for compensation filed by Praemia pursuant to Section 330 and 331. The Trust Funds will also have more than five business days to respond to any such request for compensation because the Local Rules provide that the deadline for any party to file a written opposition is fourteen (14) days preceding the hearing date.

### III.    CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order: (i) overruling the objections raised in the Response; (ii) granting the Application and authorizing the Trustee to employ Praemia as special litigation counsel on the terms set forth in the Application; and (iii) for such other and further relief as is just and proper.

Dated this 2nd day of June, 2021.

**HOUMAND LAW FIRM, LTD.**

By: */s/ Jacob L. Houmand*
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Bradley G. Sims, Esq. (NV Bar No. 11713)
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:    702/720-3370
Facsimile:     702/720-3371

*General Bankruptcy Counsel for Lenard Schwartzer, Chapter 7 Trustee*

-5-